UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                 Plaintiff,

-v-

DONALD NEUBAUER, *et al.*,

                 Defendants.

20-CV-9155 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Aasir Azzarmi ("Plaintiff") brings the instant Application seeking "reconsideration of deeming this a related case to [*Azzarmi v. Catania*, No. 20-CV-4712]," (Dkt. No. 7), also currently pending before this Court. According to Plaintiff, he is "simply moving the [C]ourt to send this case back . . . to the original judge and/or back to the Clerk's office so they can re-spin the wheel [because] this cases [sic] isn't related." (*Id.*) Plaintiff also seeks to disqualify this Court from overseeing this case, averring that "[he] is now legally prejudiced by a biased judge, who has already violated [his] First Amendment rights by the 12/20/2020 order in [*Azzarmi v. Catania*], [and who is] now maneuvering onto a totally unrelated case." (*Id.*)

The Application is denied. In this District, the related-case process is governed by Rule 13 of the Rules for the Division of Business Among District Judges (the "RDB"). *Moskovits v. Bank of Am. NA*, No. 20-CV-10537, 2021 WL 467152, at *2 (S.D.N.Y. Feb. 7, 2021); *see also* Rules for the Div. of Bus. Among Dist. Judges ("RBD") 13(a)(1). But "[a]s their preamble makes clear, the RDB rules 'are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys.'" *United States v. Donziger*, Nos. 19-CR-561, 11-CV-691, 2020 WL 2216556, at *4 (S.D.N.Y. May 7, 2020) (emphasis omitted) (quoting RBD at 105). "Accordingly, as the RDB clearly state, and as both

the Second Circuit and [other courts in the Southern District] have held, no litigant would have any right to reassignment even if there had been a departure from the RDB." *Chevron Corp. v. Donziger*, No. 11-CV-691, 2011 WL 979609, at *2 (S.D.N.Y. Mar. 7, 2011) (gathering cases); *see also United States v. Brennerman*, Nos. 17-CR-155, 15-CV-70, 2017 WL 3421397, at *10 (S.D.N.Y. Aug. 8, 2017) ("[T]he RDB vest no rights in litigants—they are for internal management only." (gathering cases)). "[T]hat fact alone dooms this aspect of [Plaintiff's] [Application]." *Brennerman*, 2017 WL 3421397, at *10.

Regardless, there was no violation of the RDB here. Rule 13 provides that "[i]n determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." RDB 13(a)(1). In the case related to this Action, *Azzarmi v. Catania et al.* (20-CV-4712), Plaintiff brings a defamation claim arising from his former employment with Delta Air Lines. (*See generally* Am. Compl. (Dkt. No. 9, 20-CV-4712 Dkt.).) In the instant Action, Plaintiff brings a defamation claim against CoventBridge (USA), "the largest worldwide investigative solutions company," and Donald Neubauer ("Neubauer"), "an investigator who worked for" CoventBridge from 2018 to 2020. (Am. Compl. ¶ 2.A–B (Dkt. No. 6).) Plaintiff alleges that Neubauer published defamatory statements to, among others, "Sedgwick CMS" and "Jones & Jones." (*Id.* ¶ 6.A.) Plaintiff has previously asserted claims against Sedgwick CMS and Jones & Jones, among others, based on the events leading to his termination from Delta Air Lines. (*See* Third Am. Compl. ¶¶ 7–14 (Dkt. No. 9,

19-CV-1346 Dkt.).)[1]  This Action, like the numerous actions Plaintiff has brought in New York federal courts and other courts across the county, (*see* Dkt. Nos. 19, 34, 41 (20-CV-4712 Dkt.) (inventorying Plaintiff's numerous lawsuits)), also appears to stem from his employment at and termination from Delta Air Lines, (*see generally* Am. Compl.).  Under the RDB, this case was appropriately deemed related to *Azzarmi v. Catania et al.* (20-CV-4712).

As noted, Plaintiff also seeks to disqualify the Court from hearing this case based on the Court's issuance of an Order To Show Cause in the related *Catania* matter.  (*See* Dkt. No. 7; *see also* Order To Show Cause (Dkt. No. 36, 20-CV-4712 Dkt.).)  It is well-established, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Indeed, the Second Circuit has already rejected a substantially identical argument by Plaintiff in a previous case.  *See Pimentel*, 818 F. App'x at 102 ("We also reject [a]ppellant's claims that the district judge and magistrate judge should have been recused from the cases based on their alleged bias.  Most of [a]ppellant's arguments rely on the fact that the judges ruled against him and in favor of the [a]ppellees, but judicial rulings alone do not constitute evidence of bias.").  Here, as in *Pimentel*, Plaintiff's charges of bias are baseless.  His disqualification request is denied, and the Clerk of Court is respectfully directed to terminate the pending Application, (Dkt. No. 7).

SO ORDERED.

DATED:     May 19, 2021
              White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also goes by the name "Nicholas Pimentel."  *See Pimentel v. Delta Air Lines, Inc.*, 818 F. App'x 100, 101 (2d Cir. 2020) (summary order).  The case referenced above, No. 19-CV-1346, was transferred to the Eastern District of New York and consolidated with *Pimentel v. Delta Air Lines, Inc.*, No. 17-CV-5317 (E.D.N.Y.).