AASIR AZZARMI
10217 S. Inglewood Ave
Inglewood, CA, 90304
323-590-5561
Email: azafata@yahoo.com

AASIR AZZARMI, PRO SE PLAINTIFF

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AASIR AZZARMI**, <br> Plaintiff, Pro Se <br><br> v. <br><br> **DONALD NEUBAUER, et. al** <br><br> Defendants | ) CASE No: 20-cv-09155-KMK <br> ) <br> ) Plaintiff's Motion for <br> ) Reconsideration under Rules 59 <br> ) and 60 to VACATE or CONTINUE <br> ) DKT#26 ORDER <br> ) |

Motion for Reconsideration under Rules 59 and 60 to VACATE or CONTINUE DKT#26 ORDER

Scanned with CamScanner

## MOTION FOR RECONSIDERATION

Plaintiff moves the Court to Reconsider its' ORDER in DKT #26. Plaintiff moves this Court to vacate and/or continue the order in DKT #26 until AFTER Plaintiff's Motions to Transfer under § 1406(a) and/or Plaintiff's "Motion to apply California law" are considered and/or ruled on by the Court. Otherwise, Plaintiff will be prejudiced. Plaintiff is entitled to a choice of law analysis ruling and/or Motion to Transfer ruling before litigating merits as parties raised choice of law dispute issues in their letter -motion papers. Therefore the relief plaintiff requests is for court to vacate DKT 26 ORDER and/or continue   DKT 26 ORDER  so parties can first litigate Plaintiff's Motion to apply California law (choice of law analysis) and/or In the alternative Motion to Transfer . Similarly, Plaintiff demonstrated exception circumstances exist due to mistake, inadvertence, surprise or excusable neglect to satisfy Rule 60(b) because Plaintiff assumed Court saw these issues raised by parties papers and after reading them would Sua Sponte address them in DKT#26 or allow parties to have a conference to discuss them. Now that parties are denied a pre-motion conference, Plaintiff no longer has opportunity to discuss this CHOICE OF LAW legal issues , the Court overlooked that there is a dispute between the choice of law to apply.  "These are certainly relevant substantive differences that could have a significant impact on the outcome of the case."

Plaintiff moves Court to alter or amend order in DKT#26 under Federal Rule 59(e) by pointing to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:(1) mistake, inadvertence, surprise, or excusable neglect; or(6) any other reason that justifies relief.Fed. R. Civ. P. 60(b). Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (citing Montco, Inv. v. Barr (In re Emergency Beacon Corp.), 666 F.2d 754, 760 (2d Cir. 1981)). "In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." Stevens, 676 F.3d at 67 (citing United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009); see also Fleming v. New York Univ., 865 F.2d 478, 484-85 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.").Plaintiff

Motion for Reconsideration under Rules 59 and 60 to VACATE or CONTINUE DKT#26 ORDER

Scanned with CamScanner

satisfies the standard for relief under either Rule 59(e) or Rule 60.Plaintiff isn't using this as a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple."See Tonga Partners, 684 F.3d at 52 ("'It is well settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'") (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)), rather Plaintiff needs a choice of law analysis ruling and/or Motion to Transfer ruling before litigating merits as parties raised choice of law dispute issues in their letter -motion papers. This Court will prejudice Plaintiff if it "barreled ahead" on the merits before addressing the transfer motion and/or Motion to Apply California law. *In re. Apple, Inc.*, Case No. 20-135 (Fed. Cir. Nov. 9, 2020) (Prost, C.J.) Therefore the relief plaintiff requests is for court to vacate DKT 26 ORDER and/or continue DKT 26 ORDER so parties can first litigate Plaintiff's Motion to apply California law (choice of law analysis) and/or In the alternative Motion to Transfer. Similarly, demonstrated exception circumstances exist due to mistake, inadvertence, surprise or excusable neglect to satisfy Rule 60(b) because plaintiff assumed Court saw these issues in parties papers and after reading them was going to Sua Sponte address them in DKT#26 or allow parties to have a conference to discuss them. Now that parties are denied a pre-motion conference to discuss legal issues, the Court overlooked that there is a dispute between the choice of law to apply and Rule 60(b)(6) warrants Reconsideration, as does Rule 60(b)(1) and/or 59(e).

**Plaintiff's MOTION TO TRANSFER to CENTRAL DISTRICT OF CALIFORNIA**

Plaintiff moves for a § 1406(a) transfer to the CENTRAL DISTRICT OF CALIFORNIA, where this action could've been brought. If this action is transferred to the CENTRAL DISTRICT OF CALIFORNIA, where this action could've been brought under § 1406(a), there will be no need for the parties to litigate Plaintiff's "Motion to Apply California law." Schaeffer v. Village of Ossining, 58 F.3d 48, 50 (2d Cir. 1995) ("Following a § 1406(a) transfer, . . . 'the transferee court should apply whatever law it would have applied had the action been properly commenced there.'") (citations omitted), with Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 79–80 (2d Cir. 1978) (dismissal and refiling would bar the action with great prejudice to the plaintiffs);see Lafferty v. St. Riel, 495 F.3d 72, 77-78 (3d Cir. 2007) (stating that § _

Scanned with CamScanner

1406(a) comes into play when plaintiffs have filed in an improper forum and district courts are required to either dismiss or transfer the case) (citing Goldlawr, 369 U.S. at 465- 66).  Section 1406(a) provides in pertinent part:The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,  transfer such case to any district or division in which it could have been brought.28 U.S.C. § 1406(a). Fritsch v. F/V Anna Marie, No. 05-34959, 2006 WL 995411, at *3, n. 5 (D.N.J. April 11, 2006) (noting that, under "§ 1406(a), a district court, upon motion or sua sponte may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice" and that the court has "'broad discretion in deciding whether to order a transfer'") (quoting Decker v. Dyson, 165 F. App'x 951, 954 (3d Cir. Jan. 19, 2006) (quoting Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987))). The proper authority to transfer this case is § 1406(a). This statute states, in relevant part: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In other words, § 1406(a) is used to transfer cases "where plaintiffs file suit in an improper forum." Lafferty, 495 F.3d at 77.Under § 1406(a), this case can be transferred to any forum "in which it could have been brought" so long as it is in the "interest of justice." 28 U.S.C. § 1406(a). Plaintiff could've brought this case in California had he known before filing that Def. Coventbridge was vicariously liable for Def. Neubauer, who Plaintiff will dismiss without prejudice shall his Motion for Transfer be granted. Plaintiff's transfer Motion must be ruled on before Defendants file a Motion to Dismiss. see Am. Dredging Co. v. Miller, 510 U.S. 443, 453, 114 S.Ct. 981, 127 L.Ed. 2d 285 (1994) ("[V]enue is a matter that goes to process rather than substantive rights....").

**In the alternative of transfer, Motion for leave to file a "Motion to apply California law." ( Choice of law analysis)**

      Choice of law decisions are reviewed  de novo concerning the appropriate choice of law. Curley v. AMR Corp., 153 F.3d 5, 11 (2d Cir. 1998).Choice of law is not a merits determination, but "a determination that, based on policy reasons, non-forum law should apply." In re iPhone 4S Consumer Litig., No. C 12-1127, 2013 WL 3829653, at *7 (N.D. Cal. July 23, 2013). Plaintiff is entitled to a ruling on choice of law before any further litigation. . Because (a) the place of the wrong was California ,

Scanned with CamScanner

(b) there are differences between the forum NY law and California state's laws and interests in having their law applied to the case, and/or (c) California is the state has the most significant relationship to the case. Klaxon Co. v. Stentor Co., 313 U.S. 487 (1941). Both parties agree there is a conflict or differences in NY and California law. Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc., 414 F.3d 325, 331 (2d Cir. 2005))

Plaintiff moved for leave to file this "Motion to apply California law," because there is a true actual conflict of law, material difference in California and New York defamation and intentional interference with prospective economic advantage laws/claims with different substantive rules which are relevant" to the issue at hand and will have a "significant possible effect on the outcome of the trial," Simon v. Philip Morris, Inc., 124 F.Supp.2d 46, 71 (E.D.N.Y. 2000).("Given the possibility of some actual conflict between the New York law of fraudulent concealment and that of some other state versions of this cause of action, a conflicts determination is called for."). See In re Allstate Ins. Co., 81 N.Y.2d 219, 597 N.Y.S.2d 904, 905, 613 N.E.2d 936 (1993). See Fin. One Pub. v. Lehman Bros. Spec. Financing, 414 F.3d 325 (2d Cir. 2005)(""These are certainly relevant substantive differences that could have a significant impact on the outcome of the case. This is all that Finance One is required to demonstrate in order to invoke a choice-of-law analysis..");Simon v. Philip Morris, Inc., 124 F.Supp.2d 46, 71 (E.D.N.Y. 2000)'Bing v. Halstead, 495 F.Supp. 517, 520 (S.D.N.Y. 1980)("Additional factors that a court considers in this process are "the domiciles of the parties, the place where the tortious conduct occurred and where the injury was suffered." ) As the Supreme Court has observed: "The purpose of a conflict-of-laws doctrine is to assure that a case will be treated [in] the same way under the appropriate law regardless of the fortuitous circumstances which often determine the forum."Lauritzen v. Larsen, 345 U.S. 571, 591, 73 S. Ct. 921, 97 L. Ed. 1254 (1953) See Cousins, supra; Tooker, supra; see also Walkes v. Walkes, 465 F.Supp. 638 (S.D.N.Y. 1979). See In re Allstate Ins. Co., 81 N.Y.2d 219, 597 N.Y.S.2d 904, 905, 613 N.E.2d 936 (1993). See Fin. One Pub. v. Lehman Bros. Spec. Financing, 414 F.3d 325 (2d Cir. 2005)(""These are certainly relevant substantive differences that could have a significant impact on the outcome of the case. This is all that Finance One is required to demonstrate in order to invoke a choice-of-law analysis..") Bing v. Halstead, 495 F.Supp. 517, 520 (S.D.N.Y. 1980)("Additional factors that a court considers in this process are "the domiciles of the parties, the

Scanned with CamScanner

place where the tortious conduct occurred and where the injury was suffered." ) As the Supreme Court has observed: "The purpose of a conflict-of-laws doctrine is to assure that a case will be treated [in] the same way under the appropriate law regardless of the fortuitous circumstances which often determine the forum."Lauritzen v. Larsen, 345 U.S. 571, 591, 73 S. Ct. 921, 97 L. Ed. 1254 (1953). Plaintiff is entitled to a ruling on his Motion to apply California law before any further litigation to resolve the conflict of laws doctrine.

California has most "paramount interest" as site of torts and site of Plaintiff's domicile. Hutner v. Greene, 734 F.2d 896, 899 (2d Cir. 1984)("paramount interest" test ). The Second Circuit indicated that the choice of law inquiry is "a much broader one, primarily *408 concerned with fairness."Filartiga I, 630 F.2d 876 (2d Cir. 1980) (citing Home Ins. Co. v. Dick, 281 U.S. 397, 50 S. Ct. 338, 74 L. Ed. 926 (1930)); As we have said, "`the relevant analytical approach to choice of law in tort actions' is the `interest analysis' . . . `the law of the jurisdiction having the greatest interest in the litigation will be applied.'" Lazard Freres Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir. 1997). (quoting Schultz v. Boy Scouts, 65 N.Y.2d 189, 197, 491 N.Y.S.2d 90, 480 N.E.2d 679 (1985)) As the Second Circuit has noted, New York treats defamation as a "conduct regulating rule" and therefore the "situs of the tort" controls the choice of law analysis. Lee v. Bankers Tr. Co., 166 F.3d 540, 545 (2d Cir. 1999). "Because 'the locus of the tort is where the plaintiff suffered injury, often the Court can resolve the choice of law analysis [in a defamation action] simply by observing the state of plaintiff's domicile and presuming that the publication injured him in that state.'" Adelson v. Harris, 973 F. Supp. 2d 467, 476 (S.D.N.Y. 2013) (citation omitted); accord Reeves v. Am. Broad. Companies, Inc., 719 F.2d 602, 605 (2d Cir. 1983) ("[T]he state of the plaintiff's domicile will usually have the most significant relationship to the case."); Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc., No. 06 Civ. 11407, 2007 WL 4820968, at *4 (S.D.N.Y. Sept. 18, 2007) ("Where the plaintiff suffered injury usually determines the locus of the tort in an action for defamation."). Plaintiff suffered the greatest injury to his reputation in California. Therefore, the torts at issue in this case "occurred" in California and California law governs. To be sure, where a "defamatory statement is published nationally, there is only a 'presumptive' rule that the law of plaintiff's domicile applies." Adelson, 973 F. Supp. 2d at 477. Yet even then, "[i]t is most often assumed that the state of plaintiff's domicile is where the greatest injury occurred, and that this is the

Motion for Reconsideration under Rules 59 and 60 to VACATE or CONTINUE DKT#26 ORDER

Scanned with CamScanner

state with the most significant interest in the litigation." Test Masters, 2007 WL 4820968, at *4. Here, both of those factors cut decisively in favor of concluding that Defendants acts of defamation "occurred" in California . See Reeves v. Am. Broadcasting Cos., 580 F. Supp. 84, 90 (S.D.N.Y. 1983) (applying California law to a multistate defamation action because plaintiff was a California resident, suffered the most injury in California, and the defamatory statement focused on activities that took place in California, "notwithstanding" that the defamatory statement "was broadcast nationwide from Washington, D.C.")

This situs of the torts are California, as California was "where the last event necessary for liability occurred." (see Complaint)see White Plains Coat Apron Co. v. Cintas Corp., 460 F.3d 281 (2d Cir. 2006)("held that where conduct occurs in one jurisdiction but the plaintiff's injuries are suffered in another, the situs of the tort is where the last event necessary for liability occurred. Schultz, 65 N.Y.2d at 195, 197, 491 N.Y.S.2d 90, 480 N.E.2d 679. "); Lazard Freres Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir. 1997);the applicable law."Harris v. Polskie Linie Lotnicze, 820 F.2d 1000 (9th Cir. 1987); Krauss v. Manhattan Life Ins. Co. of New York, 643 F.2d 98 (2d Cir. 1981)

## CONCLUSION:

**CONCLUSION:**Plaintiff seeks relief by moving the court for a conference for leave to file 1) "Motion to apply California law." and/or 2) Motion to Transfer under § 1406(a) BEFORE Defendants file Motion to Dismiss, which is a merits determination. Otherwise Plaintiff will be legally prejudiced if further litigation proceeds without California law being applied and/or Transfer Granted. Plaintiff is entitled to a choice of law analysis ruling and/or Motion to Transfer ruling before litigating merits as parties raised choice of law dispute issues in their letter -motion papers. Therefore the relief plaintiff further requests is for court to either 1) vacate DKT 26 ORDER and/or 2) continue DKT 26 ORDER so parties can first litigate Plaintiff's Motion to apply California law (choice of law analysis) and/or In the alternative Motion to Transfer . Similarly, Plaintiff demonstrated exception circumstances exist due to mistake, inadvertence, surprise or excusable neglect to satisfy Rule 60(b) because Plaintiff assumed Court saw these issues raised by parties papers and after reading them would Sua Sponte address them in DKT#26 or allow parties to have a conference to discuss them. Now that parties are denied a pre-motion conference, Plaintiff no longer has opportunity to discuss this CHOICE OF LAW legal issues , the

Scanned with CamScanner

Court overlooked that there is a dispute between the choice of law to apply. "These are certainly relevant substantive differences that could have a significant impact on the outcome of the case. "

Respectfully submitted,

DATED: 07/26/2021                                                    _____/s/_____

                                    AASIR AZZARMI. PRO SE PLAINTIF

---

Motion for Reconsideration under Rules 59 and 60 to VACATE or CONTINUE DKT#26 ORDER

Scanned with CamScanner

# PROOF OF SERVICE

I am a citizen of the United States, resident of Inglewood (Los Angeles), California. I am over the age of eighteen years and a party to the within-entitled action. My address is 10217 S. Inglewood Ave, Inglewood, CA 90304. On July 26, 2021, I served the foregoing document described as *"Plaintiff's Motion for Reconsideration under Rules 59 and 60 to VACATE or CONTINUE DKT#26 ORDER"* on Opposing Counsel, Deborah Del Sordo, for Defendants in this action by emailing an identical, true and correct copy to Deborah Del Sordo's email address, which is deborah.DelSordo@admlaw.com.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on July 26, 2021.

/s/
AASIR AZZARMI
PRO SE PLAINTIFF

Plaintiff's Motion for Reconsideration (Dkt. No. 29) of the Court's Order at Dkt. No. 26 is denied as moot due to Plaintiff's filing of his Second Amended Complaint (Dkt. No. 34), which rendered Defendants Neubauer and CoventBridge's Motion to Dismiss the First Amended Complaint (Dkt. No. 33) moot. Plaintiff is not prejudiced by this ruling; as suggested in the Order at Dkt. No. 26, Plaintiff raised substantially similar arguments in his Opposition to Defendants Neubauer and CoventBridge's Motion to Dismiss the Second Amended Complaint (Dkt. No. 53) and in his Opposition to Defendant Sedgwick's Motion to Dismiss the Second Amended Complaint (Dkt. No. 60). Those Motions to Dismiss (Dkt. Nos. 50 and 56) are still pending before this Court. The briefing schedule for those Motions is outlined at Dkt. Nos. 45 and 49.

The Clerk of Court is directed to close the instant Motion (Dkt. No. 29). Defendants are directed to mail a copy of this memo endorsement to Plaintiff.

So Ordered.

/s/ KMK

White Plains, NY
October 21, 2021

Motion for Reconsideration under Rules 59 and 60 to VACATE or CONTINUE DKT#26 ORDER