UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                              Plaintiff

    v.

DONALD NEUBAUER *et al*.

                              Defendants.

No. 20-CV-9155 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

    Aasir Azzarmi ("Plaintiff") brings this action pro se against Donald Neubauer ("Neubauer"), CoventBridge Group (USA) ("CoventBridge"), Sedgwick Claims Management Services, Inc. ("Sedgwick CMS"), Sedgewick SIU, Inc. ("Sedgwick SIU"; with Sedgwick CMS, "Sedgwick"), QBE North America Operations ("QBE"), and Does 1-10 (collectively, "Defendants"), alleging claims of (1) Defamation Slander & Libel Per Se, (2) Intentional Interference with Prospective Economic Advantage, (3) "Negligience Per Se" [sic], (4) "Negliegience" [sic], (5) Intentional Infliction of Emotional Distress, (6) Intentional Interference with a Contractual Relationship, (7) Inducing Breach of Contract, (8) violating 42 U.S.C. § 1981, and (9) violating the "California Unfair Competitions [sic] Law." (*See generally* Second Amended Complaint ("SAC") (Dkt. No. 34).) Before the Court are three separate Motions to Dismiss filed by Defendants (collectively "Defendants' Motions"). (*See* CoventBridge and Neubauer Not. of Mot. ("CBN Not. of Mot.") (Dkt. No. 50); Sedgwick Not. of Mot. ("Sedgwick

Not. of Mot.") (Dkt. No. 56); QBE Not. of Mot. ("QBE Not. of Mot.") (Dkt. No. 81)[1].) For the following reasons, the Action is dismissed with prejudice.

## I. Background

Plaintiff filed his initial Complaint pro se on November 2, 2020, against Neubauer and Does 1–10 and asserted defamation claims of Libel and Slander Per Se. (*See* Compl. (Dkt. No. 3).) Plaintiff alleged that Neubauer "published unprivileged statements of purported facts about Plaintiff to third parties" regarding Plaintiff's purported misconduct that "were all 100% false." (*Id.* at 5.) Plaintiff claimed he "was economically harmed as a result of [Neubauer's] conduct & has special damages." (*Id.*) Plaintiff also alleged that Neubauer's "conduct was malicious as he financially benefitted from defaming Plaintiff." (*Id.* at 5–6.) Plaintiff cited "lost money, irreparable professional harm and reputational harm, humiliation, ostracization, [and] loss of economic opportunities" as his injuries. (*Id.* at 6.) Finally, Plaintiff stated he would submit "a future Amended verified complaint." (*Id.*)

On December 10, 2020, the case was initially assigned to Judge Louis L. Stanton, (*see* Dkt. (initial assignment notice for December 10, 2020)); however, on January 26, 2021, the case was accepted as related to *Azzarmi v. Catania*, No. 20-CV-4712 (S.D.N.Y.), and reassigned to this Court and to Magistrate Judge Judith C. McCarthy, (*see* Dkt. (entries for January 26, 2021)).[2]

---

[1] QBE initially filed its Motion to Dismiss, the Notice of Motion, Memorandum of Law, and Declaration on December 6, 2021, though the filings were deemed insufficient as a result of technical errors with ECF. (*See* Dkt. No. 84.) This issue was ultimately resolved the next day, and per QBE's request the Court deemed their filing as timely. (*See* Dkt. No. 85.)

[2] In between these two events, Plaintiff was granted in forma pauperis status on December 18, 2020. (Dkt. No. 4.)

On February 6, 2021, Plaintiff filed his Amended Complaint, adding CoventBridge and DN Private Consulting, Inc. ("DN") as Defendants and added a claim for Intentional Interference with Prospective Economic Advantage. (*See* Am. Compl. (Dkt. No. 6).) On February 9, 2021, Plaintiff moved for reconsideration regarding this case's relatedness to the *Catania* Action. (Mot. for Recons. (Dkt. No. 7).) The Court denied Plaintiff's Motion on May 19, 2021. (Dkt. No. 10.)

On June 28, 2021, Neubauer and CoventBridge filed an Answer to the Amended Complaint. (Answer (Dkt. No. 19).) On July 5, 2021, Plaintiff filed a letter motion requesting a motion for judgment on the pleadings, or in the alternative, a motion to deem various allegations admitted, and a motion to strike. (*See* Pl.'s July 5, 2021 Letter Mot. (Dkt. No. 20).) On July 8, 2021, Neubauer and CoventBridge filed a letter motion requesting a pre-motion conference regarding an upcoming motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and 12(c). (Dkt. No. 21.) On July 12, 2021, Neubauer and CoventBridge filed an Amended Answer to Plaintiff's amended complaint. (Am. Answer (Dkt. No. 22).) Two days later, Plaintiff filed a renewed letter motion requesting leave to file a motion for judgment on the pleadings as well as a motion for leave to file for summary judgment. (*See* Dkt. No. 23.) On July 19, 2021, Defendants filed a response letter to Plaintiff's second letter motion. (Dkt. Nos. 24, 25.)

Following this pre-motion practice, the Court denied the requests for a pre-motion conference and instead set a briefing schedule for Defendants' anticipated motions to dismiss. (*See* Order (Dkt. No. 26).) In its Order, the Court warned Plaintiff that he "failed to comply with § II.A of th[e] Court's Individual Rules of Practice." (*Id.*) This was not Plaintiff's first warning, as he had previously been warned of a similar failure in the related *Catania* Action. (*See id.* (citing *Azzarmi v. Catania*, No. 20-CV-4712, Dkt. No. 50).)

On July 20, 2021, Plaintiff filed a letter motion to transfer the case against only CoventBridge to the Central District of California, to dismiss "without prejudice . . . Def. Donald Neubauer under [Fed. R. Civ. P.] 41(a)," to apply California law to Plaintiff's claims, and finally to give the Court notice of filing a writ of mandamus to compel the transfer. (*See* Pl.'s Letter Mot. for Transfer (Dkt. No. 27).) CoventBridge and Neubauer responded one day later. (Dkt. No. 28.)

On July 26, 2021, Plaintiff filed another motion for reconsideration seeking to have the Court vacate or reconsider its briefing schedule until after having ruled on Plaintiff's transfer motion. (*See* Dkt. No. 29.) Two days later, Plaintiff filed a letter seeking leave to file a second amended complaint ("SAC"). (*See* Dkt. No. 30.) On July 29, 2021, CoventBridge and Neubauer replied to the second motion for reconsideration, (*see* Dkt. No. 31); later that day, Plaintiff filed his response, (*see* Dkt. No. 32). On August 5, 2021, CoventBridge and Neubauer filed their briefing papers for their motion to dismiss the Amended Complaint. (CoventBridge & Neubauer Not. of Mot. (Dkt. No. 33); CoventBridge & Neubauer's Mem. of Law in Supp. of Mot. (Dkt. No. 33-21).)

On August 18, 2021, without either leave of Court or CoventBridge and Neubauer's consent, Plaintiff filed the SAC. (*See* SAC.) Plaintiff added Sedgwick CMS, Sedgwick SIU, and QBE as Defendants, removed DN as a party to the Action, and added several claims. (*Compare generally* SAC, *with* Am. Compl.) On August 20, 2021, CoventBridge and Neubauer sent a letter to the Court requesting a pre-motion conference seeking leave to file a second motion to dismiss. (*See* Dkt. No. 41.) Plaintiff responded to the letter request later that day, (*see* Dkt. No. 42), and CoventBridge and Neubauer then filed a reply on August 23, 2021, (*see* Dkt.

4

No. 43).) On August 27, 2021, the Court issued an order setting a briefing schedule for Defendants' motions to dismiss the SAC. (*See* Order (Dkt. No. 45).)

On September 13, 2021, CoventBridge and Neubauer timely filed their Motion to Dismiss the SAC. (CBN Not. of Mot.; CoventBridge & Neubauer's Mem. of Law in Supp. of Mot. to Dismiss ("CBN Mem.") (Dkt. No. 50-18).) On September 17, Plaintiff filed his opposition to CoventBridge and Neubauer's Motion. (*See* Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s CBN Opp.") (Dkt. No. 53).) Plaintiff's response ran 32 single-spaced pages, once again flouting the Court's individual rules. *See* Indiv. Rule II.B ("Memoranda of law in support of and in opposition to motions are limited to 25 pages[.] All memoranda of law shall be produced in a 12-point font, be double-spaced, and have one-inch margins on all sides."). On November 3, 2021, CoventBridge & Neubauer filed their reply in the form of an affidavit and supporting papers, including a reply memorandum of law in support of their Motion. (*See* Deborah Del Sordo Aff. ("Del Sordo Aff.") (Dkt. No. 76) Ex. 4 (CoventBridge & Neubauer's Reply Mem. of Law in Supp. of Mot. to Dismiss) ("CBN's Reply Mem.") (Dkt. No. 76-4).)

On September 30, 2021, Sedgwick filed its Motion to Dismiss the SAC and supporting papers. (Sedgwick Not. of Mot; Decl. of Peter Shapiro ("Shapiro Decl.") (Dkt. No. 58); Sedgwick's Mem. of Law in Supp. of Sedgwick's Mot. to Dismiss ("Sedgwick Mem.") (Dkt. No. 59).) On October 13, 2021, Plaintiff filed his opposition to Sedgwick's Motion to Dismiss. (Pl.'s Resp. in Opp'n to Sedgwick's Mot. to Dismiss ("Pl.'s Sedgwick Opp.") (Dkt. No. 60).) On November 1, 2021, Sedgwick filed its reply in support of their Motion to Dismiss. (Reply Mem. of Law. In Supp. of Segwick's Mot. to Dismiss ("Sedgwick Reply Mem.") (Dkt. No. 74).)

On September 17, 2021, Plaintiff requested a certificate for default against QBE, which had not yet filed a timely response to the SAC. (*See* Req. for Clerk's Certificate of Default

("Req. for Default") (Dkt. No. 52).) On September 29, 2021, QBE filed a request for an extension of time to file an answer, (*see* Dkt. No. 55), which the Court granted the next day, (*see* Dkt. No. 57). On October 15, 2021, QBE filed another letter motion requesting a further extension to file a response. (Dkt. No. 62.) On October 21, 2021, the Court entered two orders denying both CoventBridge and Neubauer's Motion to Dismiss the Amended Complaint as well as Plaintiff's second motion for reconsideration as moot due to the filing of the SAC. (*See* Dkt. Nos. 63, 64.) On October 27, 2021, the Court subsequently set a briefing schedule for QBE to file its Motion to Dismiss. (*See* Dkt. No. 71.) On December 6 and 7, 2021, QBE timely filed its briefing papers to dismiss the SAC. (QBE Not. of Mot.; Mem. of Law in Supp. of QBE North America Operations' Mot. to Dismiss ("QBE Mem.") (Dkt. No. 82); Decl. of Richard Femia ("Femia Decl.") (Dkt. No. 83); Decl. of George Busche ("Busche Decl.") (Dkt. No. 83-12); Decl. of Kimberly Corcoran ("Corcoran Decl.") (Dkt. No. 83-13).) Plaintiff filed his opposition to QBE's Motion on December 28, 2021. (*See* Pl.'s Resp. in Opp'n to QBE Mot. to Dismiss ("Pl.'s QBE Opp.") (Dkt. No. 87).) QBE replied on January 27, 2022. (QBE Reply Mem. of Law in Supp. of QBE Mot. to Dismiss the Compl. ("QBE Reply Mem.") (Dkt. No. 88).)

## II. Discussion

Fed. R. Civ. P. 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." *Id.* § 8(d)(1). The "statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). A complaint may be dismissed under Rule 8 if it "is so confused, ambiguous, vague, or otherwise unintelligible that its true

substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). In other words, "'[c]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system' and must be dismissed." *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972) (alteration in original)); *see also Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) ("Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (alteration in original) (quoting *Salahuddin*, 861 F.2d at 42)).

Courts in the Second Circuit have repeatedly dismissed incomprehensible complaints pursuant to Rule 8. *See, e.g.*, *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of an "88-page, legal size, single spaced pro se complaint" that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and thus "failed to comply with the requirement of Rule 8" (italics omitted)); *Anduze v. City of New York*, No. 21-CV-519, 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (dismissing a complaint as incomprehensible because, inter alia, it was illegible and the legible portions were incomprehensible, such that "the [c]ourt is unable to properly evaluate the full nature and extent of [the] [p]laintiff's claims"); *Fisch v. Consulate Gen. of Republic of Poland*, No. 11-CV-4182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) (dismissing a 476-page complaint that was "indisputably prolix and often unintelligible," because "[n]either this [c]ourt, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought"); *Robinson v. Matos*, No. 97-CV-7144, 1999 WL 225938, at *1 (S.D.N.Y. Apr. 19, 1999) ("Dismissal is usually reserved for cases in which the complaint is so confused,

7

ambiguous, vague, or otherwise unintelligible that its true substance, if any, 'is well disguised.'" (quoting *Simmons*, 49 F.3d at 86)); *Shuster v. Oppleman*, No. 96-CV-1689, 1999 WL 9845, at *4 (S.D.N.Y. Jan. 11, 1999) (dismissing a claim because "it is not possible to decipher all of the plaintiff's rambling allegations"); *Schoolfield v. Dep't of Corr.*, No. 91-CV-1691, 1994 WL 119740, at *3 (S.D.N.Y. Apr. 6, 1994) (dismissing a complaint because "a court need not sustain a pro se complaint which is incoherent, rambling, and unreadable" (italics omitted)).

Plaintiff's impenetrable submission deserves the same treatment. The SAC—which, again, was filed without the Court's or Defendants' consent and thus done in violation of Fed. R. Civ. P. 15(a)(2)—totals 204 pages and 1,307 paragraphs of single-spaced, oddly bolded/emphasized language, and another 329 pages of Exhibits 1–46, 48–51, C, D, E, M, K, R6, L, S, P, Q, R, R5, and V. It lacks any organization or narrative structure and it simply "fails to provide fair notice to [] Defendants due to its convoluted structure, organization, syntax, and content." *Kenlock v. Orange County et al.*, No. 20-CV-3693, 2021 WL 4267309, at *2 (S.D.N.Y. Sept. 20, 2021). It also is "hopelessly redundant, argumentative, and has much irrelevancy," just as "[i]t is excessively long-winded, and its wordiness is unjustified," *Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 198 F.R.D. 608, 610 (S.D.N.Y. 2001); this 400-plus page complaint, including exhibits, is thus "precisely the sort of pleading that leaves the defendant 'forced to select the relevant material from a mass of verbiage,'" *Komatsu v. City of New York*, No. 20-CV-7046, 2021 WL 3038498, at *5 (S.D.N.Y. July 16, 2021) (quoting *Rodriguez v. Trs. of Columbia Univ. in the City of N.Y.*, No. 03-CV-4072, 2006 WL 2521323, at *3 (S.D.N.Y. Aug. 30, 2006)). At bottom, Plaintiff's submission "make[s] it difficult to understand exactly how the facts alleged provide a basis for [his] claims—or which facts support which allegations—causing significant prejudice to Defendants

8

who must sift through hundreds of pages . . . to fully ascertain the nature of the charges against them." *Komatsu*, 2021 WL 3038498, at *5. Accordingly, the Court agrees with Defendants that Plaintiff's SAC warrants dismissal under Rule 8. (*See* Sedgwick Mem. 3; *see* Letter from CoventBridge and Neubauer to the Court (Aug. 20, 2021) 1 (Dkt. No. 41) (requesting a pre-motion conference seeking to dismiss the Action pursuant to, inter alia, Rule 8).)

In his response—which spans 85-pages, notwithstanding that Plaintiff did not receive the Court's leave to far exceed its 25-page limit—Plaintiff spends several pages on the legal standards involved in Rule 8, (Pl.'s Sedgwick Opp. 15–17), culminating with the following: "This is not the case here with Plaintiff's SAC, even if there are a lot of facts for other Defendants, the Court can understand the complaint and see that Plaintiff did pled [sic] all elements of claims [sic]," (*id.* at 17).

As made clear, the Court disagrees. The SAC "is a misguided attempt to compile the voluminous discovery obtained to date into one document, amounting to what this Court can charitably describe as the pleading version of a document dump." *D.J. by Next Friend Megahey v. County of Westchester*, No. 14-CV-7635, 2020 WL 419382, at *4 (S.D.N.Y. Jan. 27, 2020). Thus, the Court remains of the belief that Plaintiff's SAC fails to abide by appropriate legal precedent under Rule 8 and thus would accordingly dismiss the action sua sponte. *See Salahuddin*, 861 F.2d at 42 (pleadings "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'" (citation omitted)).

That Plaintiff's filing of the SAC violates the Federal Rules of Civil Procedure only strengthens the Court's resolve to dismiss this Action. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within . . .

9

(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In *all* other cases," the Rule states, "a party may amend its pleading *only with the opposing party's written consent or the court's leave.*" Fed. R. Civ. P. 15(a)(2) (emphases added).

Here, Plaintiff sought leave to file the SAC, recognizing the restrictions on such a filing pursuant to Rule 15. (*See* Dkt. No. 30.) However, after CoventBridge and Neubauer specifically "d[id] not consent to any amendment," (Dkt. No. 31)—which Plaintiff acknowledged and requested the Court to ignore, (*see* Dkt. No. 32)—Plaintiff "simply submitted a 'piggyback' complaint without explaining why he should be granted permission to file and serve it" absent such consent, *Diez v. Washington Mut. Bank*, No. 09-CV-2390, 2011 WL 4434064, at *4 (E.D.N.Y. Sept. 21, 2011) (citation omitted). Failure to obtain leave of court or consent of adversaries can be met with myriad consequences, from striking the pleading, *see Cummings v. Adidas USA*, No. 08-CV-9860, 2009 WL 3270888, at *1 (S.D.N.Y. Oct. 5, 2009), to dismissing the action with prejudice, *see* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or *to comply with* [*the Federal Rules*], a defendant may move to dismiss the action or any claim against it." (emphasis added)); *cf. Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) ("[D]ismissals [under Rule 41(b)] may be made sua sponte.") (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (italics omitted)).

In addition to Plaintiff's failure to adhere to the Federal Rules, Plaintiff repeatedly failed to comply with this Court's Individual Rules, both in this Action and the related *Catania* Action. (*See* Order (Dkt. No. 26) (warning Plaintiff regarding compliance with the Court's Individual Rules).) *See also Azzarmi v. Catania*, No. 20-CV-4712, 2021 WL 5014522, at *2 (S.D.N.Y. Oct.

28, 2021) (dismissing the Action where, despite being "warned that his failure to comply with this Court's Individual Rules . . . will be grounds for dismissing this Action pursuant to Fed. R. Civ. P. 41(b)," Plaintiff continued his pattern of non-compliance). His memoranda and submissions repeatedly violated the Court's Individual Rules. (*Compare* Indiv. Rule II.B ("Memoranda of law in support of and in opposition to motions are limited to 25 pages[.] All memoranda of law shall be produced in a 12-point font, be double-spaced, and have one-inch margins on all sides."), *with* Dkt. No. 53 (32-page opposition, all single-spaced), *and* Dkt. No. 60 (80-page opposition, all single-spaced, with additional pages for exhibits), *and* Dkt. No. 87 (32-page opposition, all single-spaced).)

Finally, Plaintiff has an extensive history of litigating claims across the country, *see, e.g.*, *Aasir Azzarmi v. Sedgwick Claims Management Systems, Inc., et al.*, No. 21-CV-10074 (E.D. Mich. 2021), including with exceptionally dense tomes for pleadings and motions, *see Azzarmi v. Key Food Stores Co-Operative Inc.*, No. 20-CV-6835, 2021 WL 8013811, at *2 (S.D.N.Y. Dec. 28, 2021) (noting that Plaintiff's amended complaint "is 49 pages long—most of them single-spaced—prolix, internally inconsistent at times, and larded with legal argument and case citations"), *report and recommendation adopted*, 2022 WL 884973 (S.D.N.Y. Mar. 25, 2022); *Azzarmi v. Delta Air Lines, Inc.*, No. 20-CV-1529, 2021 WL 1095329, at *1 (C.D. Cal. Mar. 16, 2021) (observing that in response to an Order to Show Cause, Plaintiff "mailed a nearly 500-page Amended Complaint"); *Azzarmi v. Wurtz*, No. 20-CV-607, 2020 WL 5440353, at *1 (C.D. Cal. July 15, 2020) ("Plaintiff's motions are a combined 121 pages long, and are difficult to read, let alone understand."). Indeed, "Plaintiff has initiated nine cases arising from his work at, and termination from, Delta Air Lines, Inc." and, as a result, has been named a "vexatious litigant" in the Central District of California. *Azzarmi v. Wurtz*, No. 20-CV-607, 2020 WL 3106343, at *1, 6

(C.D. Cal. May 21, 2020), *reconsideration denied*, 2020 WL 5440353 (C.D. Cal. July 15, 2020), *aff'd*, 854 F. App'x 893 (9th Cir. 2021). In other words, Plaintiff appears to be "a sophisticated repeat-plaintiff who has used [his] pro se status as a sword to abuse the judicial process." *Kumaran v. Northland Energy Trading, LLC*, No. 19-CV-8345, 2022 WL 704704, at *1 (S.D.N.Y. Mar. 9, 2022) (italics omitted).

To be sure, where, as here, a plaintiff proceeds pro se, the court must "construe[] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted). As the Second Circuit has made quite clear, "pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (italics and quotation marks omitted); *see also Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir.) ("[S]olicitude for pro se litigants does not require us to excuse failure to comply with understandable procedural rules[.]"), *cert. denied*, 142 S. Ct. 598 (2021). Reaffirming the Court's recent pronouncement to Plaintiff, his non-compliance "ends now." *Catania*, 2021 WL 5014522, at *2.[3]

---

[3] Notwithstanding the Court's holding pursuant to Rule 8 as well as Rule 41, the Court notes the soundness of Defendants' arguments on the merits. "Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577, 2019 WL 4917609, at *2 (S.D.N.Y. Oct. 4, 2019) (quoting *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998)). And, pursuant to Second Circuit precedent, "New York courts have adopted a flexible choice of law approach and 'seek to apply the law of the jurisdiction with the most significant interest in, or relationship to, the dispute.'" *White Plains Coat & Apron Co. v. Cintas*

*Corp.*, 460 F.3d 281, 284 (2d Cir.) (quoting *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1539 (2d Cir. 1997)), *unrelated certified question accepted*, 856 N.E.2d 208 (N.Y. 2006), *and certified question answered*, 867 N.E.2d 381 (N.Y. 2007). Neubauer is a New York resident and performed the investigation in New York and Plaintiff's Worker's Comp benefits were issued by and litigated in New York. (*See generally* SAC.) Therefore, New York law applies.

That New York law applies yields two significant and interrelated consequences: the classification of claims and the statute of limitations. First, "[u]nder New York law, tort claims are construed as defamation claims not just when they seek damages [] for injury to reputation, but also where the entire injury complained of . . . flows from the effect on [a plaintiff's] reputation." *Chao v. Mount Sinai Hosp.*, No. 10-CV-2869, 2010 WL 5222118, at *11 (S.D.N.Y. Dec. 17, 2010) (quotation marks omitted) (collecting cases). Therefore, the remaining tort claims—negligence, negligence per se, intentional infliction of emotional distress, intentional interference with a contractual relationship—are correctly interpreted as re-asserting the defamation claim and are therefore duplicative.

Second, New York law "provides that 'when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued.'" *Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015) (quoting N.Y. C.P.L.R. § 202). And under New York law, "[a] cause of action alleging defamation is governed by a one-year statute of limitations, and accrues when the allegedly defamatory statements are originally uttered." *Arvanitakis v. Lester*, 44 N.Y.S.3d 71, 72 (N.Y. App. Div. 2016).

Plaintiff's defamation claim arises from a 2018 investigation, (*see* SAC ¶ 129), and some unknown re-publication to unidentified individuals in 2020 and 2021, (*see id.* ¶ 6A). But Plaintiff's "naked assertions" of re-publication to unnamed people at unspecified times would not "suffice" to withstand Defendants' Motions, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, because the statute of limitations runs under New York law beginning at the first publication absent an identifiable re-publication strictly within a defendant's own control, *see Van Burskirk v. N.Y. Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003), the majority of Plaintiff's claims are time-barred.

The remaining claims similarly fail, albeit for different reasons. Plaintiff fails to articulate any specific involvement by QBE, warranting dismissal of his claims against QBE. Plaintiff also fails to articulate the specific words that were defamatory as well as the nature of his damages, necessitating dismissal defamation claims on their merits. *See Van Buskirk*, 325 F.3d at 90. Plaintiff also fails to allege a plausible connection between the termination and investigation insofar as he was terminated before the investigation kicked off, let alone when it finished, and because no named defendant "had the power or authority to prevent [] [P]laintiff[] from contracting with the third party," namely Delta. *Ginx, Inc. v. Soho All.*, 720 F. Supp. 2d 342, 358 (S.D.N.Y. 2010), *as corrected* (Aug. 19, 2010). Lastly, there are significant concerns regarding Plaintiff's ever-changing address that call into question the appropriateness of Plaintiff's California state law claims. Accordingly, were the Court to reach the merits of Plaintiff's claims, it is highly likely that Plaintiff's claims would be dismissed with prejudice, as Plaintiff would not be entitled to "a third go-around." *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978); *see also Maione v. Zucker*, No. 18-CV-7452, 2022 WL 784483, at *9 (S.D.N.Y. Mar.

III.  Conclusion

For the reasons stated above, this Action is dismissed with prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure as well as pursuant to Rule 41 of the Federal Rules of Civil Procedure in light of Plaintiff's failure to comply with Rule 15 of the same Rules and with this Court's Individual Rules.  The Clerk of Court is respectfully directed to terminate all pending motions, (Dkt. Nos. 50, 56, 81, 83), and close this case.

SO ORDERED.

Dated:   September 20, 2022
            White Plains, New York

KENNETH M. KARAS
United States District Judge

---

15, 2022) (granting motion to dismiss with prejudice where "[the] [p]laintiff has already had two bites at the apple, and they have proven fruitless" (quoting *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016)); *Bryant v. Capra*, No. 18-CV-10198, 2021 WL 323263, at *5 (S.D.N.Y. Feb. 1, 2021) (same).