AASIR AZZARMI
10217 S. Inglewood Ave.
Inglewood, CA 90304
(323)632-8531
azafata@yahoo.com

**MEMO ENDORSED**

AASIR AZZARMI, PLAINTIFF PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

)  <u>**CASE No: 7:20-cv-09155- KMK**</u>
)
**AASIR AZZARMI**                   )  **MOTION FOR RECUSAL &**
   Plaintiff, Pro Se                )  **DISQUALIFICATION under 28**
)  **U.S.C. § 144 & 28 U.S.C. § 455;**
   v,                               )  **and MOTION FOR RELIEF**
)  **UNDER RULE 52**
DONALD **NEUBAUER**, et. al         )
   Defendants                       )
)
)
)
)
)
)
)
)

A motion for the disqualification of a district court judge can be made under 28 U.S.C. § 144 or 28 U.S.C. § 455. Section 144 requires the party seeking disqualification to file an affidavit. 28 U.S.C.A. § 144 (West 2006); Plaintiff's motion includes an affidavit or statements sufficient to construe the motion as an affidavit. Therefore, Plaintiff's motion can simultaneously be brought under § 144 and  § 455. 28 U.S.C. § 144 (1988). Section 144 is entitled "Bias or prejudice of judge" and provides in pertinent part:Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.Id. Section 144 provides for automatic

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 1**

disqualification of district judges when a party makes a timely and legally sufficient affidavit that the judge has "a personal bias or prejudice" against her. 28 U.S.C. § 144 (1994). Plaintiff has made a timely and legally sufficient affidavit that the judge has "a personal bias or prejudice" against Plaintiff. (see attached Affidavit) Section 455 provides in relevant part: (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.(b) He shall also disqualify himself in the following circumstances:(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .28 U.S.C.A. § 455 (West 2006).

### MOTION FOR RECUSAL & DISQUALIFICATION &

Plaintiff moves for recusal of judge— being mandated directly by statute in 28 U.S.C. § 455 —, while also raising the issue of courts',  clear and grave error clear under "Plain Error" under Rule 52(b) of the Federal Rules of Criminal Procedure which provides that "[p]lain errors or defects affecting substantial rights may be noticed… The requirements for a finding of plain error were set out in Olano: "There must be an `error' that is `plain' and that `affect[s] substantial rights.'" Olano, 507 U.S. at 732. Here all elements are met because the "error," or deviation from a legal rule has not been waived, the error must be "plain," which at a minimum means "clear under current law," and  the plain error must, as the text of Rule 52(b) indicates, "affect substantial rights," which normally requires a showing of prejudice."United States v. Viola, 35 F.3d 37, 41 (2d Cir. 1994). In this case , all 3 of the Olano factors are present, thus , the court of appeals may exercise its discretion to correct the error since  it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (quoting United States v. Young, 470 U.S. 1, 15 (1985) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936))). Moreover, the judge in this case issued a merits based judgment on partial findings, which were not supported by findings of fact and conclusions of law as required by Rule 52(a).

Plaintiff did originally seek relief under the plain error rule, at all times, by objecting to judge's racial and discrimination discrimination, bias, intentionally maneuvering himself on this case even without proper venue and in violation of local Local Rule 13.1, judge's deep-seated antagonism, judge admitting that he would only rule in favor of Defendants on the merits without any facts in the record, even though the operative complaint, the SAC is "incomprehensible" and "impenetrable," this judge being a witness in this case, judge' intentional refusal and failure to follow controlling Supreme Court and Second Circuit case law, and judge's refusal to fairly apply the law fairly and accurately, judge having previously sanctioned Plaintiff without due process in December 2020 to substantially deprive Plaintiff of Constitutional rights.  Under Rule 52, "fairness would require correcting that error" on appeal. See United States v. Bayless, 201 F.3d 116, 127 (2d Cir. 2000). Kenneth's error "is so grave" it cannot be rendered "consonant with maintaining the integrity and public reputation of the judicial system." See Id. Under Rule 52(b). the Second Circuit has held that it is possible that a judge's failure to recuse himself might in some circumstances fall into that category of errors. See United States v. Yu-_____

### MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 2

Scanned with CamScanner

Leung, 51 F.3d 1116, 1119-20 (2d Cir. 1995); see Bayless. This is a situations in which this judge's failure to recuse himself sua sponte constitutes plain error. By "putting himself in the shoes of a disinterested but informed observer," this judge should now sua sponte recuse himself.

In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994). Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or prejudice but its appearance); United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process."). That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F. 2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice.The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). "Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).  Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202. Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which, possibly, further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect. Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

---

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 3**

Scanned with CamScanner

Plaintiff timely moved for disqualification previously, before Defendants were even served. Plaintiff is timely filing this new motion, per Second Circuit case law. "It is well-settled that a party must raise [a] claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333-34 (2d Cir. 1987) (citations omitted); see also United States v. Brinkworth, 68 F.3d 633, 640 (2d Cir.1995). Timeliness ensures fair invocation of the disqualification rules. Apple, 829 F.2d at 334 ("A movant may not hold back and wait, hedging its bets against the eventual outcome."); see also LoCascio v. United States, 473 F.3d 493, 497-98 (2d Cir. 2007).While Plaintiff previously raised a Disqualification motion, plaintiff has obtained new facts, which is what this new motion is premised on. Plaintiff never waived any right to recusal as Plaintiff filed it before Kenneth Karas ruled against Plaintiff, making a merits determination by adding extrajudicial facts and admitting his bias in his ruling on Defendants' Motion to Dismiss. See United States v. Bayless, 201 F.3d 116, 127 (2d Cir. 2000).Extrajudicial events and facts by this judge are a basis for recusal because the judge considered extrajudicial material when ruling on Defendants' Motion to Dismiss and he demonstrated  a "deep-seated and unequivocal antagonism that would render fair judgment impossible." Id. at 556.

**NO SUPPLEMENTAL JURISDICTION/ Court's VIOLATION OF RELATED CASE RULE REQUIRING DISQUALIFICATION FOR BIAS/VENUE ISSUE**

Because of his bias, Judge Karas intentionally violated the Related Case rule to intentionally discriminate and deny Plaintiff due process. Plaintiff informed this corrupt judge of his violation and he denied Plaintiff's motions for disqualification as this case was NEVER RELATED to Azzarmi v. Catania and Plaintiff did not file this case in the Venue of White Plains. Judge Karas, without any factual or legal basis, erroneously insists that this case is "**related" to the "Catania Action."**(pg.10, DKT#89). Yet, Judge Karas, **sua sponte** dismissed the **"Catania Action" for venue, in violation of Second Circuit case law.** Gomez v. USAA Federal Savings Bank, 171 F.3d 794 (2d Cir. 1999)("A district court may not dismiss a case sua sponte for improper venue absent extraordinary circumstances. See Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir. 1966); see also Stich v. Rehnquist, 982 F. 2d 88, 88-89 (2d Cir. 1992) (per curiam). This case does not present any such extraordinary circumstances, and therefore the libel action was wrongly dismissed sua sponte on the basis of improper venue.")**How is this case "related" to the "Catania Action" when Judge Karas dismissed "Catania action," albeit erroneously,  for personal jurisdiction and lack of venue?** Meanwhile, Plaintiff did not file this case in White Plains and this case has no connection to White Plains, so Judge Karas to have deemed it related. One case can not be related to another case when the corrupt Judge argues that he did not have personal jurisdiction or it was incorrect venue for the original case(Catania) If the related case requirements were present in both cases(same nucleus of operative facts, same parties, issues), then this corrupt judge should've dismissed this case for lack of venue and personal jurisdiction, as he did to the "Catania action," but he did not because this case is —

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 4**

clearly not related to the "Catania action." This further proves how Judge Karas' biases, discriminatory intent, frivolous and deceptive rulings, antagonism, partiality, hatred of Plaintiff, as he refuses to ever follow controlling black letter law, to deprive Plaintiff of rights. As a threshold matter, district courts have refused to rely on the existence of subject matter jurisdiction in one action to provide supplemental jurisdiction over claims in a related action. See, e.g., Keene v. Auto Owners Ins. Co., 78 F.Supp.2d 1270, 1274 (S.D.Ala. 1999) ("[S]ection 1367 applies only to claims within a single action and not to claims within related actions."); Sebring Homes Corp. v. T.R. Arnold Assocs., Inc., 927 F.Supp. 1098, 1101-02 (N.D.Ind.1995) ("Section 1367 provides no original jurisdiction over a separate . . . but related suit.").Turning to the terms of the statute, we have held that disputes are part of the "same case or controversy" within §§ 1367 when they "derive from a common nucleus of operative fact." Promisel v. First Am. Artificial Floivers Inc., 943 F.2d 251, 254 (2d Cir.1991). The "common nucleus" standard hails originally from United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966);Lyndonville Sav. Bank Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000). Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir.2004). Judge Karas violated Local Rule 13 and the related case rule. **see In re Reassignment of Cases: Ligon; Floyd et al. v. City of New York, et , No. 13-3123 (2d Cir. 2013).**

Another clear example of this corrupt judge's bias is his asinine and frivolous rulings as he fraudulently alleges he dismissed this case under Rule 8, for being **"incomprehensible"**(page 7), "impenetrable"(pg. 8) and "fails to provide fair notice,"(pg.8)(meaning he couldn't understand Plaintiff's "naked assertions")yet however, this biased judge ruled that**"Notwithstanding the Court's holding pursuant to Rule 8 as well as Rule 41, the Court notes the soundness of Defendants' arguments on the merits" and "were the Court to reach the merits of Plaintiff's claims, it is highly likely that Plaintiff's claims would be dismissed with prejudice."** The fact that this corrupt judge has already admitted he has made a merits based decision when he found the SAC **"incomprehensible" and "impenetrable,"** proves his partiality and bias. **Without any discovery and without being able to comprehend the SAC,** how could this biased judge even make a merits based decision when he alleges that Plaintiff has not pled any facts but only "naked assertions"?** This here effectively proves this judge's partiality and that disqualification is warranted, **as In re Reassignment of Cases: Ligon; Floyd et al. v. City of New York, et , No. 13-3123 (2d Cir. 2013) is controlling.** On appeal, Plaintiff moves for Reassignment upon Remand or to disqualify Karas because similar to In re Reassignment of Cases: Ligon; Floyd, as Judge Karas demonstrated partiality when he had **"intimated her view of its merit, stating how she would rule on the plaintiff's… suit,"and "taking it as a related case,"(see DKT#1-20)**when this case was not related to "the Catania Action" and this biased judge made a premature merits based decision when he allegedly cant comprehend the SAC's "naked assertions" **T**hroughout Azzarmi v. Catania and this case, Judge Karas' hostility had been egregious hostile, unnecessarily disparaging Plaintiff based

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 5**

Scanned with CamScanner

on 100% false statements based on alleged events that occurred outside the record, always inserting extrajudicial information he obtained outside the case into this record and used extrajudicial information to DISMISS THIS CASE(see DKT#89). The record is clear, that judge karas unequivocally used 100% false extrajudicial facts he obtained outside this case, to dismiss this case, without giving Plaintiff any fair notice to controvert Judge Karas's lies and arguments. **(see DKT#89). J**udge Karas never even took judicial notice of any of the alleged court documents that he extrajudicially obtained and inserted in the record to dismiss this case, denying Plaintiff due process at all times, including but not limited to this biased judge's violation of FRE 201, as Plaintiff was never heard on these extrajudicial judicially noticed facts Judge Karas improperly injected into his dismissal ruling. When a request for judicial notice is filed, upon "***timely request," a party is entitled to be heard on the propriety of taking notice. Fed. R. Evid. 201(e).*** See Oakley v. Dolan, No. 17-CV-6903 (RJS), 2020 WL 818920, at *6 (S.D.N.Y. Feb. 19, 2020) (declining to take judicial notice of tweets because the defendants do not explain why this is **"competent evidence that must be considered at the motion to dismiss stage instead of on a motion for summary judgment."**). Judge Karas' invocation of other alleged cases, which were irrelevant to this case, prejudiced Plaintiff on this motion to dismiss. This 12(b)(6) motion should've focused on the 4 corners of the SAC, not Judge Karas' extrajudicial information he obtained and inserted into the case, when Defendants never made a Motion for Judicial Notice. This biased judge made arguments on behalf of Defendants that Defendants never made, demonstrating partiality and bias against Plaintiff, when Karas went out of the record to include extrajudicial information to support, supplement, and augment Defendants' arguments. See Dasfortus Tech. v. Precision Prod. Mfg. Co., No. 3:07–cv–0866, 2011 WL 4344114 at *1 (M.D. Tenn. Sept. 14, 2011) (refusing the take judicial notice where the party failed to provide a precise source for the document);*Khoja v. Orexigan Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)(judicial notice inappropriate on 12(b)(6) motion unless "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").**To preserve the appearance of justice, Judge Karas should've disqualified himself but refused to do so, as Karas had/has an racial and religious agenda to deny Plaintiff due process because of Plaintiff's race and religion.** see United States v. Padilla, 186 F.3d 136, 143 (2d Cir. 1999) ("In view of the district judge's statements, particularly regarding Padilla's counsel, ***the appearance of justice would best be preserved by reassignment.")*;United States v. Tucker, 78 F.3d 1313, 1324 (8th Cir. 1996) (stating that courts of appeals in the first instance are empowered to reassign cases where, under 28 U.S.C. § 455(a), the district judge's "impartiality might reasonable be questioned"). As undisputed and clearly reflected by SAC and controlling case law, Judge Karas' rulings were NEVER based on law and facts but rather his "unreasonable fury," partiality, his racism, and his religious biases towards Plaintiff. In re United States, 614 F.3d 661, 666 (7th Cir. 2010) ("No reasonable person would fail to perceive a significant risk that the judge's rulings in the case might be influenced by his **unreasonable fury** toward the prosecutors."). Karas also never identified the "common nucleus of operative fact"

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 6**

Scanned with CamScanner

between Azzarmi v. Catania and this Action. "The facts underlying the present claims and the underlying Catania claims do not "substantially overlap," for "creating a common nucleus of operative fact." Lyndonville Savs. Bank Trust Co. v. Lussier, 211 F.3d 697 (2d Cir. 2000). Therefore, this was not a related case and this biased judge violated the Related Case rule. Yet, throughout his Dismissal Order, he references Azzarmi v. Catania, although no Defendants, facts, or common nucleus of operative facts are present in this case and Judge Karas was not **"already familiar with the relevant facts and legal issues"** in this case when he accepted it as related.Id. (citing Cluett and Chesley).

There can be no reasonable doubt that it did not serve judicial efficiency to mark this case  and Azzarmi v. Catania as related given there was no "congruence of parties, attorneys, discovery, and claims." The record shows that there was no " failure to ever take issue with the cases being marked as related" by Plaintiff which "indicates that it was apparent to all that the cases were" NOT "in fact related." See **In re Reassignment of Cases: Ligon; Floyd et al. v. City of New York, et , No. 13-3123 (2d Cir. 2013).** If every case Plaintiff filed In SDNY were related to Azzarmi , why did this judge (who is White Plains ) not mark Azzarmi v. Key Foods , Azzarmi v. Does and Azzarmi v. Sedgwick as related. Plaintiff has never been to White Plains , NY, did not file any of his cases in White Plains and these cases have no nexus , connection or any witnesses or Defendants in White Plains. This biased judge, in his ruling in Azzarmi v. Catania, even ruled that Azzarmi v. Catania has no basis for venue in White plains.  Therefore, this begs this question, if Azzarmi v. Catania(the first case) had no venue in White Plains, how do any of Plaintiff's other cases have venue in White Plains. The answer is thAt none of these cases have venue in White Plains but this biased , corrupt, racist,  judge, because of his bias.  improperly maneuvered himself onto Plaintiff's case to improperly prevent fairness and justice.   This biased judge admitted Azzarmi v. Catania that he had no personal jurisdiction over Catania , therefore he also admitted he has no venue or jurisdiction over any of Plaintiff's cases.  To be consistent with Kenneth's frivolous arguments , he would have to undo his sua sponte venue ruling in Azzarmi v. Catania to support his ruling that this case was properly marked as related, even though this case is unrelated to Azzarmi v. Catania. The record itself and Second Circuit case law in *In re Reassignment of Cases: Ligon; Floyd et al. v. City of New York, et , No. 13-3123 (2d Cir. 2013) legally and factually supports Plaintiff's arguments* that this judge is biased not only objectively and subjectively biased but must sua sponte recuse himself but that he had no basis to mark this case as related to Azzarmi v. Catania. Yet, this judge uses the "related case" rule to support his intentional maneuvering onto cases with Plaintiff's name to ominously and abominably deny Plaintiff due process and substantial constitutional rights. Plaintiff moves for Rule 52 correction on appeal.

### "Deep seated antagonism" existed from Day 1

This biased, corrupt, racist, Jewish Supremacist judge exhibited "deep seated antagonism" existed from Day 1 against Plaintiff by sanctioning Plaintiff without due process in Azzarmi v. Catania in December 2020, which denied Plaintiff First ⎯⎯

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 7**

Scanned with CamScanner

Amendment rights, denied Plaintiff court access, denied Plaintiff a hearing before sanctioning Plaintiff, and denied Plaintiff substantial constitutional rights because of Plaintiff's race and religion. see United States v. Grinnell Corporation, 384 U.S. 563 (1966). Throughout this entire case, including on September 20, 2022, this judge used extrajudicially obtained facts, he did not learn in this case but injected into his ruling on Defendants Motion to Dismiss, to support his ruling on the merits. This biased, corrupt, racist, Jewish Supremacist judge even ADMITTED that without any facts in the record, he would ultimately always make a merits based ruling in favor of Defendants. Because there are no facts in the record, according to this judge, this biased, corrupt judge could only have learned these facts outside the record. The Supreme Court said that "the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."' This is exactly what happened in this case, as Judge Karas' bias and prejudice stemmed from "an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."

**THIS BIASED JUDGE SANCTIONED PLAINTIFF WITHOUT DUE PROCESS IN AZZARMI v. CATANIA in December 2021.**

Notably, under § 455(a), recusal is not limited to cases of actual bias; rather, the statute requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988). Section 455(a) complements § 455(b), which addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed. See 28 U.S.C. § 455(b) (requiring recusal when, inter alia, a judge has "a personal bias or prejudice concerning a party"). We have stated the standard for recusal under § 455(a) as follows:[A] court of appeals must ask the following question: Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned?Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" Diamondstone v. Macaluso, 148 F.3d 113, 120-21 (2d Cir. 1998) (quoting United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992)). The standard is "designed to promote public confidence in the impartiality of the judicial process." SEC v. Drexel Burnham Lambert Inc. ( In re Drexel Burnham Lambert Inc.), 861 F.2d 1307, 1313 (2d Cir. 1988) (quoting H.R. Rep. No. 93-1453, at 5 (1974), reprinted in 1974 U.S.C.C.A.N. 6351, 6354-55)Nevertheless, the existence of the appearance of impropriety is to be determined "not by considering what a straw poll of the only partly informed man-in-the-street would show[,] but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge." Id.

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 8**

Scanned with CamScanner

**RELIEF under FRCP 52 for FACTUAL FINDINGS and DENIAL OF SUBSTANTIAL RIGHTS FOR REFUSING TO DISQUALIFY**

Federal Rule of Civil Procedure 52(a)(5) provides, with respect to a court's findings and conclusions, that "[a] party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings." Because the Court resolved facts in favor of Defendants, without sufficient evidence,  to support the findings, relief under FRCP 52 is appropriate.

Rule 52(a) places certain burdens on judges. " the court must find the facts specially and state its conclusions of law separately."" The rule is "self-executing." That is, regardless of what the parties do, judges are required to state their findings of fact and conclusions of law.' The Second Circuit would remand as judge made no factual findings or conclusions of law as to Defendants Sedgwick SIU, Sedgwick CMS and Plaintiff's 1981 racial discrimination claims. By requiring judges to make factual findings and legal conclusions, Rule 52(a) makes meaningful appellate review possible through issue preservation." When a trial judge does not sufficiently explain the basis for a ruling, the appellate court may remand the case to the district court. Appellate courts may do this when the lower court fails to address one of the arguments made by a party,' when the court fails to make one or more factual findings that make up a legal test,  or when the findings the court does provide are conclusory."see United States v. Forness,125 F2d 928,942 (2d Cir 1942); OCI Wyoming LP v PacifiCorp,479 F3d 1199, 1204 (10th Cir 2007) (stating that remand is appropriate where "too little detail" requires the appellate court "to guess at why the district court reached its conclusion"); Chaplaincy of Full Gospel Churches v England,454 F3d 290,304-05 (DC Cir 2006);Supermercados Econo, Inc v Integrand Assurance Co, 375 F3d 1, 3-5 (1st Cir 2004) (remanding where a district court failed to make findings on one of the two claims raised by the appellant); In re Fordu,201 F3d 693, 710 (6th Cir 1999) (remanding a case where the bankruptcy court dismissed without discussion two of a trustee's causes of action); Lipman v Arlington Seating Co,192 F2d 93, 96 (7th Cir 1951) (remanding a case where the district court failed to address in its opinion a defense that was brought to the attention of the court during oral argument); NaturalOrganics,Inc v NutraceuticalCorp,426 F3d 576, 580 (2d Cir 2005).

**Conclusion:** Upon consideration of the allegations in Plaintiff's motion, the Court must find that a reasonable, objective person, knowing all of the circumstances, would question the district judge's impartiality. Additionally, the district judge does have a personal bias and "deep seated antagonism" as to Plaintiff and does have personal knowledge of disputed evidentiary facts, from an extrajudicial source, concerning this proceeding, which is why he specifically stated that he stated that he would rule on the merits in favor of Defendants. even though he doesn't understand any of the facts in the complaint and there was no discovery. This judge even denied Plaintiff due process, denied Plaintiff Constitutional rights and court access by sua sponte sanctioning Plaintiff in December 2021 without a hearing. This biased racist

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 9**

Scanned with CamScanner

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Judge's refusal to disqualify previously has been a denial of due process at all times in this case and in Azzarmi v. Catania. see Cf. Tumey v. Ohio, 273 U.S. 510 (1927) (holding that the trial of the defendant by the local mayor who was to be compensated for his judicial services only if the defendant were convicted, violated due process); Ward v. Village of Monroeville, 409 U.S. 57 (1972); Mayberry v. Pennsylvania, 400 U.S. 455 (1971), upon habeas corpus, see, e.g., United States ex rel. Perry v. Cuyler, 584 F.2d 644 (3d Cir. 1978), and upon review of egregious conduct, see, e.g., Reserve Mining Co. v. Lord, 529 F.2d 181 (8th Cir. 1976). Because "justice must satisfy the appearance of justice" at all times, any reasonable person, knowing all of the circumstances, would believe this district judge is 100% biased, partial, and that the appearance of justice is not present in this case. Offutt v. United States, 348 U.S. 11, 14 (1954) ; In re Murchison, 349 U.S. 133 (1955). This judge even admitted that he had no personal jurisdiction/venue over Azzarmi v. Catania, and therefore it was impossible and improper for him to have marked this case related to Azzarmi v. Catania, when there were no similar nuclear of facts, parties, issues, when he dismissed Azzarmi v. Catania for venue and personal jurisdiction.  Therefore, because the appearance of justice does not exist and has never existed with this judge (see Affidavit), this case must be transfer to another district judge in SDNY (MANHATTAN), as WHITE PLAINS IS/WAS AN IMPROPER VENUE, at all times. See United States v. Bayless, 926 F. Supp. 405, 406-07 (S.D.N.Y. 1996).

**Dated: October 17, 2022**

_____/s/_____
AASIR AZZARMI, PLAINTIFF

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 10**

Scanned with CamScanner

**AFFIDAVIT OF AASIR AZZARMI IN SUPPORT OF DISQUALIFICATION under 28 U.S.C. § 144 & 28 U.S.C. § 455; and MOTION FOR RELIEF UNDER RULE 52**

I, Aasir Azzarmi , being first duly sworn and declare that I have personal knowledge of all of the facts in this Declaration and the information set forth in this Declaration is true and correct to the best of my knowledge, except where stated "upon information and belief." I, Aasir Azzarmi, declare that if called as a witness, I am competent to testify as to all matters herein if called to do so and will testify to the same at trial.

1. Judge Kenneth Karas has demonstrated his "deep seated antagonism" against Plaintiff at all times in this case and in Azzarmi v. Catania.

2. In December 2020, Judge Kenneth Karas improperly sanctioned Plaintiff without due process in Azzarmi v. Catania in December 2020, which denied Plaintiff First Amendment rights, denied Plaintiff court access, denied Plaintiff a due process  hearing before sanctioning Plaintiff, and denied Plaintiff substantial constitutional rights because of Plaintiff's race, religion, and Kenneth Karas' personal knowledge of disputed evidentiary facts he extrajudicially obtained.

3. Because of Plaintiff's race and religion and Kenneth Karas' personal knowledge of disputed evidentiary facts he extrajudicially obtained, Judge Kenneth Karas, at all times, has always denied Plaintiff any and all constitutional rights and due process, and has intentionally refused and failed to follow Second Circuit case law and Supreme Court case law, in direct violation of his judicial oath.

4. This case is not related and has never been related to Azzarmi v. Catania.

5. There are no "common nucleus of operative fact" between Azzarmi v. Catania and this case and the facts underlying the present claims and the underlying Catania claims do not _substantially overlap for creating a common nucleus of operative fact. There can be no _

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 11**

Scanned with CamScanner

reasonable doubt that it did not serve judicial efficiency to mark this case and Azzarmi v. Catania as related given there was no congruence of parties, attorneys, discovery, and claims.

6. Without any evidence in the record, Kenneth Karas improperly and sua sponte raised the issue of dismissal for lack of Venue (personal jurisdiction) in Azzarmi v. Catania, based solely on Karas' personal knowledge of disputed evidentiary facts he extrajudicially obtained.

7. Without any evidence from Defendant Catania that the Court lacked personal jurisdiction or that Venue was improper in Azzarmi v. Catania, the corrupt, racist, biased Kenneth Karas dismissed Azzarmi v. Catania based on Venue, as Kenneth Karas based his ruling on extrajudicial information regarding Chris Catania. This extrajudicial information was never included in the record in Azzarmi v. Catania.

8. Once again, Kenneth Karas is using, has used and will continue to use the extrajudicial information he learned about Plaintiff and the other parties, to make his rulings and merits based decisions.

9. Kenneth Karas admitted his bias on 9/20/2022 in his ruling on Defendants' Motion to Dismiss that Karas would only make future merits' based rulings in favor of Defendants. Kenneth Karas' admissions on 09/20/2022 in his ruling on Defendants' Motion to Dismiss that he would only make future merits' based rulings in favor of Defendants is based on information Karas' extrajudically obtained about Plaintiff and Defendants.

10. Judge Kenneth Karas has personal knowledge of disputed evidentiary facts, which he obtained from an extrajudicial source, concerning this proceeding.

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 12**

Scanned with CamScanner

11. In Azzarmi v. Catania, Judge Kenneth Karas also had personal knowledge of disputed evidentiary facts, which he obtained from an extrajudicial source, concerning that proceeding.

12. Plaintiff timely moved for Disqualification in the beginning of this case before any adverse rulings. This current Motion for Disqualification is based on Kenneth Karas' 9/20/2022 admissions.

13. In his September 20, 2022, Kenneth Karas specifically stated that he stated that he would ultimately rule on the merits in favor of Defendants, even though he doesn't understand any of the facts in the SAC complaint because it was "incomprehensible" and the SAC was "impenetrable." There was no discovery in this case.

14. Kenneth Karas denied Plaintiff due process, denied Plaintiff Constitutional rights and court access by sua sponte sanctioning Plaintiff in December 2020 without a hearing.

15. Throughout this case and Azzarmi v. Catania, because of Plaintiff's race, religion and because of the extrajudicially obtained facts Kenneth Karas has personal knowledge of, Kenneth Karas has demonstrated his overly hostile deep seated antagonism as to Plaintiff.

16. Throughout this case and Azzarmi v. Catania, Kenneth Karas has never even pretended to be fair ,unbiased, and impartial.

17. Throughout this case and Azzarmi v. Catania, Kenneth Karas has never even attempted and will never attempt to uphold the appearance of justice to preserve the integrity of the judicial system.

18. Because of Kenneth Karas' has personal knowledge of disputed facts he extrajudicially obtained, he improperly and unethically maneuvered himself onto this case and improperly marked it as a "related case."

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 13**

19. Because of Kenneth Karas' personal knowledge of disputed facts he extrajudicially obtained, he made an adverse ruling against Plaintiff on 9/20/2022, which had no basis in Second Circuit case law and had no basis to any facts in the record.

20. Kenneth Karas' ruling on 09/20/2022 was based on his deep seated antagonism, his deep seated racism, his deep seated hatred of Muslims, but more egregiously was based on his personal knowledge of disputed facts he extrajudicially obtained. However, Kenneth Karas' personal knowledge of the disputed facts he extrajudicially obtained are 100% false.

21. Kenneth Karas' personal knowledge of disputed facts he extrajudicially obtained regarding this proceeding is tantamount to Kenneth Karas' being a named witness in this case.

22. I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 and the laws of the U.S. that the foregoing is true and correct. Executed in Los Angeles, CA on 10/25/2022.

AASIR AZZARMI

---

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 14**

Scanned with CamScanner

1

**PROOF OF SERVICE**

2

3 I am a citizen of the United States, resident of Los Angeles,

4 California. I am over the age of eighteen years and a party to the

5 within-entitled action. My address is 10217 S. Inglewood Ave,

6 Inglewood, CA 90304. On November 6,  2022, I served the

7 foregoing document described as ***"MOTION FOR RECUSAL &***

8 ***DISQUALIFICATION under 28 U.S.C. § 144 & 28 U.S.C. § 455;***

9 ***and MOTION FOR RELIEF UNDER RULE 52"*** on all of the

attorneys for all of the Defendants via email.

10

11 I declare under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct.

12

13 Executed on November 6, 2022,  at Los Angeles, California.

14

15 _____/s/_____

16 AASIR AZZARMI

17 PLAINTIFF

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR DISQUALIFICATION; RELIEF UNDER RULE 52  page 15**

Scanned with CamScanner

28 U.S.C. Section 144 provides that a judge should recuse himself when a party has filed a "timely and sufficient affidavit" showing that the judge has "a personal bias or prejudice" against the party or in favor of an adverse party. The statute requires that another district court judge be assigned to hear the matter if the movant establishes both that the disqualification motion is timely and the party's affidavit is legally sufficient. *Id.* The standard for an affidavit's legal sufficiency under Section 144 in this Circuit requires that it "show the objectionable inclination or disposition of the judge; it must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Keesh v. Quick*, No. 19-CV-08942, 2022 WL 2160127, at *9 (S.D.N.Y. June 15, 2022) (quoting *Williams v. New York City Hous. Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003). 28 U.S.C. Section 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The Second Circuit similarly applies an "objective" standard to the inquiry under 28 U.S.C. § 455(a), asking: "would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). Additionally, Section 455(b)(1), like Section 144, prescribes recusal where a judge has "a personal bias or prejudice" concerning a party. 28 U.S.C. §§ 144, 455(b)(1).

Plaintiff's Motion fails to show any "objectionable inclination or disposition" that would prevent or impede impartiality of the Court's judgment herein. Likewise, the application under Section 455 does not present facts warranting the Court's recusal. Specifically, the conclusory, speculative, and baseless allegations that Plaintiff's claims were dismissed for racially-based reasons is belied by the record and a thorough analysis of Plaintiff's claims prior to their dismissal. There has been no evidence presented of any opinion held by the Court short of pure speculation, no allegation that the Court has displayed any favoritism or antagonism to any party in this action, and no indication of any bias or prejudice herein. The Court did rule against Plaintiff when it granted Defendants' motion to dismiss, and at an earlier stage, when it denied Plaintiff's motions to reconsider case acceptance as related, each time providing thorough analysis of Plaintiff's claims under applicable legal precedent. The fact that Plaintiff's claims did not withstand a motion to dismiss and that the Court determined this case to be related is patently insufficient to form the basis of a recusal motion. It is well-established, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Pimentel v. Delta Air Lines, Inc.*, 818 F. App'x 100, 102 (2d Cir. 2020) ("We also reject [a]ppellant's claims that the district judge and magistrate judge should have been recused from the cases based on their alleged bias. Most of [a]ppellant's arguments rely on the fact that the judges ruled against him and in favor of the [a]ppellees, but judicial rulings alone do not constitute evidence of bias."). As the affidavit is insufficient on its face to make out a prima facia case of bias, it is not necessary for another judge to make this recusal determination. Because the Court finds that grounds do not exist to warrant recusal under the circumstances, Plaintiff's motion for recusal is, accordingly, denied.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

November 18, 2022