UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AASIR AZZARMI,

                        Plaintiff

    v.

DONALD NEUBAUER *et al*.

                        Defendants.

No. 20-CV-9155 (KMK)

OPINION & ORDER

---

Appearances:

Aasir Azzarmi
Inglewood, CA
*Pro Se Plaintiff*

Carmine J. Carolei, Esq.
Deborah A. Del Sordo, Esq.
Ahmuty, Demers & McManus
Albertson, NY & New York, NY
*Counsel for Defendants Donald Neubauer and Coventbridge Group*

Peter T. Shapiro, Esq.
Lewis Brisbois Bisgaard & Smith LLP
New York, NY
*Counsel for Defendants Sedgwick Claims Management Services, Inc. and Sedgwick SIU, Inc.*

Joseph A. Oliva, Esq.
Goldberg Segalla LLP
New York, NY
*Counsel for Defendant QBE North America Operations*

KENNETH M. KARAS, United States District Judge:

    Aasir Azzarmi ("Plaintiff") brought this action pro se against Donald Neubauer ("Neubauer"), CoventBridge Group (USA) ("CoventBridge"), Sedgwick Claims Management Services, Inc. ("Sedgwick CMS"), Sedgewick SIU, Inc. ("Sedgwick SIU"; with Sedgwick CMS, "Sedgwick"), QBE North America Operations ("QBE"), and Does 1-10 (collectively,

"Defendants"), alleging claims of (1) Defamation Slander & Libel Per Se, (2) Intentional Interference with Prospective Economic Advantage, (3) "Negligience Per Se" [sic], (4) "Negliegience" [sic], (5) Intentional Infliction of Emotional Distress, (6) Intentional Interference with a Contractual Relationship, (7) Inducing Breach of Contract, (8) violating 42 U.S.C. § 1981, and (9) violating the "California Unfair Competitions [sic] Law." (*See generally* Second Amended Complaint ("SAC") (Dkt. No. 34).) On September 20, 2022, this Court dismissed the case "with prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure as well as pursuant to Rule 41 of the Federal Rules of Civil Procedure in light of Plaintiff's failure to comply with Rule 15 of the same Rules and with this Court's Individual Rules." (*See* Order of Dismissal (Dkt. No. 89).) On September 30, 2022, Plaintiff filed the instant motion for reconsideration (the "Motion"). (*See* Mot. for Reconsideration ("Pl.'s Mem.") (Dkt. No. 90).) On October 5, 2022, Neubauer, Coventbridge, and Sedgwick opposed. (*See* Mot. in Opp. to Reconsideration ("Neubauer & Coventbridge Mem.") (Dkt. No. 92); Mot. in Opp. to Reconsideration ("Sedgwick Mem.") (Dkt. No. 93).) On October 18, 2022, Plaintiff submitted his reply. (Reply to Mot. ("Pl.'s Reply") (Dkt. No. 96).)

For the reasons stated below, Plaintiff's Motion is granted in part and denied in part.

I.  Discussion

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (quotation marks omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014). The standard for such motions is "strict" and "should not be granted where the moving party seeks solely to

relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (quotation marks omitted)). A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014). Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts, Inc. v. Avesta Tech., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). "Rather, to be entitled to reconsideration, a movant must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405 (citation and quotation marks omitted); *Shrader*, 70 F.3d at 257 (same). In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (internal quotation marks omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Indergit*, 52 F. Supp. 3d at 523.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." A district court considering a Rule 41(b) dismissal must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether

3

>the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).  No single factor is generally dispositive.  *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Second Circuit has noted that "such dismissals are 'the harshest of sanctions' and [] insist[s] that dismissal 'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'"  *Baptiste v. Sommers*, 768 F.3d 212, 216–17 (2d Cir. 2014) (citing *Mitchell v. Lyons Prof'l Servs., Inc.,* 708 F.3d 463, 467 (2d Cir. 2013) (collecting cases)).  The Second Circuit has instructed that dismissal under Rule 41(b) "should be used only in extreme situations." *Id.* (quotation marks omitted).  "[D]istrict courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535.

Plaintiff argues that this Court improperly dismissed his claims with prejudice and seeks leave to file a Third Amended Complaint that is either 20 pages in length or which utilizes the "SDNY pro se form for discrimination." (S*ee generally* Pl.'s Mem.; Pl.'s Reply 17.)  As the Court did not give Plaintiff notice that his failure to comply with the Federal Rules of Civil Procedure could result in dismissal with prejudice and did not explicitly consider a lesser sanction, the Court withdraws its dismissal with prejudice.  *See Coats v. Dep't of Veteran Affs.*, 268 F. App'x 125, 127 (2d Cir. 2008) (noting that, in the context of a Rule 41(b) dismissal, "a district court's notice to a pro se litigant [must] be more specific than that which would be provided to counsel" and reversing a Rule 41 dismissal when there was no evidence that the district court attempted to contact plaintiff to warn him that it was considering dismissing his complaint and the district court did not discuss the possibility of a less drastic sanction in its

4

order (italics omitted) (citing *Lucas*, 84 F.3d at 535 (reversing Rule 41 dismissal when "the district court never warned Lucas that failure to comply would result in dismissal" and there was no indication that the district judge considered lesser sanctions as an alternative to dismissal))); *see also Blair v. Moore Med., LLC*, No. 21-CV-1424, 2022 WL 1493743, at *2 (2d Cir. May 12, 2022) (upholding Rule 41 dismissal, in part because the plaintiff "was given clear notice on three separate occasions that her failure to comply could result in dismissal of her claims" and prior sanctions short of dismissal with prejudice had not been effective). Indeed, a Rule 41(b) dismissal remains "a harsh remedy to be utilized only in extreme situations. . . . [a]nd *pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citations and quotation marks omitted). Accordingly, the Court grants Plaintiff leave to amend his Complaint to come into compliance with Rule 8.[1]

Plaintiff additionally seems to argue that his Second Amended Complaint was properly pleaded under Rule 8. (Pl.'s Mem. 11–13.) Insofar as Plaintiff's Motion can be construed as advancing the position that this Court should not have dismissed the action at all, the Court rejects this argument. "The Court's 'special solicitude' for pro se pleadings, *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." *Harden v. Doe*, No. 19-CV-3839, 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (italics omitted). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

---

[1] Plaintiff, in his Reply, seeks to amend his Second Amended Complaint, however also requests that the Court dismiss his case "as a subject matter jurisdiction dismissal." (Pl.'s Reply. 17.) It is unclear to the Court why Plaintiff now seeks dismissal for lack of subject matter jurisdiction.

5

Civ. P. 8(a)(2).  Thus, a complaint's statement of claim should not be prolix or contain unnecessary details.  *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670, 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.").  Plaintiff's Second Amended Complaint combined with the attached exhibits was 531 pages long.  (*See generally* SAC.)  As the Court has already noted, the Second Amended Complaint lacks "organization or narrative structure and it simply 'fails to provide fair notice to [] Defendants due to its convoluted structure, organization, syntax, and content.'"  (*See* Order of Dismissal 8 (citing *Kenlock v. Orange County et al.*, No. 20-CV-3693, 2021 WL 4267309, at *2 (S.D.N.Y. Sept. 20, 2021).)  Furthermore, the Second Amended Complaint is "hopelessly redundant, argumentative, and has much irrelevancy," as "[i]t is excessively long-winded, and its wordiness is unjustified," *Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 198 F.R.D. 608, 610 (S.D.N.Y. 2001); this 500-plus page complaint, including exhibits, "is precisely the sort of pleading that leaves the defendant forced to select the relevant material from a mass of verbiage," *Komatsu v. City of New York*, No. 20-CV-7046, 2021 WL 3038498, at *5 (S.D.N.Y. July 16, 2021) (quotation marks omitted) (*quoting Rodriguez v. Trs. of*

*Columbia Univ. in the City of N.Y.*, No. 03-CV-4072, 2006 WL 2521323, at *3 (S.D.N.Y. Aug. 30, 2006)).  Dismissal pursuant to Rule 8 was therefore warranted.[2]

## II.  Conclusion

For the foregoing reasons, Plaintiff's Motion is granted in part and denied in part.  If Plaintiff wishes to file a third amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must do so within 30 days of the date of this Opinion & Order.  Plaintiff is further advised that the third amended complaint will completely replace, not supplement, the instant Second Amended Complaint.  The third amended complaint must therefore contain all of the claims, defendants, and factual allegations that Plaintiff wishes the Court to consider.  Plaintiff is warned that a failure to resolve the Second Amended Complaint's Rule 8 deficiencies could result in dismissal without prejudice.  If Plaintiff fails to timely file a third amended complaint, the claims may be dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 90) and re-open this case.  The Court will hold a status conference on October 10, 2023 at 12:00 P.M.

---

[2] Insofar as Plaintiff argues that this Court is "hostile, biased, [and] racist," (Pl.'s Mem. 3) the Court has already addressed these arguments, finding them to be wholly without merit, (*see* Dkt. No. 98).

SO ORDERED.

Dated:   September 26, 2023
        White Plains, New York

_____
KENNETH M. KARAS
United States District Judge