UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                              Plaintiff,

        v.                                                    No. 20-CV-9155 (KMK)

SEDGWICK CLAIMS MANAGEMENT                                    ORDER
SERVICES, INC., *and* SEDGWICK SIU,
INC.

                              Defendants.


KENNETH M. KARAS, United States District Judge:

        Pro se Plaintiff Aasir Azzarmi ("Plaintiff") brings this Action pursuant to 42 U.S.C.

§ 1981 against Defendants Sedgwick Claims Management Services ("SCMC") and Sedgwick

SIU ("SIU") (collectively, "Defendants").[1] (*See* Third Am. Compl. ("TAC") (Dkt. No. 106).)

By order dated December 18, 2020, Judge Colleen McMahon granted Plaintiff's request to

proceed without prepayment of fees, that is, in forma pauperis. (Dkt. No. 4.)

        In a motion docketed October 17, 2024, Plaintiff requested that the Court appoint pro

bono counsel. (*See* Pl.'s Mot. to Appoint Pro Bono Counsel ("Motion") (Dkt. No. 134).) For the

following reasons, Plaintiff's request is denied without prejudice.

---

[1] Plaintiff originally brought several different claims against several different defendants.
However, the Court dismissed several of these claims and defendants, leaving SCMC and SUI.
(*See* Op. and Order (Sept. 24, 2024) ("2024 Order") 66 (Dkt. No. 122) ("To summarize, the
Court dismisses all of Plaintiff's claims with the exception of the § 1981 discrimination and
retaliation claims against Sedgwick.").)

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* at 203 (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as the plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff provides minimal evidence that he attempted to obtain counsel. In his Motion, Plaintiff says he "experienced some logistical difficulties obtaining counsel." (*See* Motion 3). However, in order meet the requirements of § 1915(e)(1), Plaintiff must allege that he "is *unable* to retain counsel," and that he has "exhausted [his] search." *Rosa v. Pathstone Corp.*, No. 23-CV-1071, 2023 WL 8778236, at *2 (S.D.N.Y. Dec. 19, 2023). Plaintiff's meager description of his search for counsel does not describe which attorneys he spoke to (if anyone) and the nature of the challenges he encountered in obtaining counsel. Therefore, at this stage, Plaintiff's Motion is denied because he "has not demonstrated that [he] is unable to retain counsel." *Rosa*, 2023 WL 8778236, at *2 (citing *Aguiree v. Rising Ground*, No. 23-CV-3986, 2023 WL 4187385, at *2 (S.D.N.Y. June 26, 2023)).

Setting aside Plaintiff's failure to demonstrate that he is unable to retain counsel—and even assuming the Plaintiff's remaining allegations have "some likelihood of merit" as required under *Hodge*—the Court finds that Plaintiff has not demonstrated why counsel should be appointed to represent him in light of the second inquiry under *Hodge* concerning prudential

factors. *See Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *1–2 (S.D.N.Y. Mar. 19, 2024) ) (assuming that the plaintiff's claim had "some likelihood of merit" for the purposes of *Hodge* analysis and proceeding to analyze prudential concerns); *Shelby v. Petreucci*, No. 23-CV-4315, 2023 WL 6623180, at *1–2 (S.D.N.Y. Oct. 11, 2023) (same). Plaintiff's near-exclusive explanation for his need for an attorney is that he has "experienced some logistical difficulties . . . amending the complaint." (Motion 3). However, courts have held that challenges "navigating the legal process" are an insufficient basis for the appointment of counsel. *See Rosa*, 2023 WL 8778236, at *2 (rejecting Plaintiff's request for appointment of counsel where the plaintiff alleged she was having "significant challenges navigating the legal process") (citing *Tramun v. Ocasio*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012)).

It is true that Plaintiff has had some challenges presenting his case concisely. (*See* 2024 Order 23) (referring to the Plaintiff's Third Amended Complaint as "confused, ambiguous, vague," and so "otherwise unintelligible that its true substance, if any, is well disguised." (internal quotations and citations omitted)). This fact cuts in favor of Plaintiff's request. *Contrast Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013) (finding appointment of counsel unnecessary where "Plaintiff's submissions to the Court" were "reasonably intelligible and thorough"). Nevertheless, other factors counsel against finding in favor of Plaintiff's Motion.

First, Plaintiff's claims are almost exclusively based on a retelling of events that happened in his presence, and therefore do not "appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *see also Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *2 (S.D.N.Y. Mar. 27,

2024) (declining to appoint counsel where the plaintiff had not demonstrated that the appointment of counsel would be necessary to investigate any relevant factual allegations).

Second, Plaintiff has not alleged that his claims are "so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Williams v. Westchester Med. Ctr. Health Network*, No. 21-CV-3746, 2023 WL 3096354, at *2 (S.D.N.Y. Apr. 26, 2023) (citing *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013) (rejecting application for appointment of counsel where Plaintiff alleged discrimination under § 1981); *see also Artis*, 2024 WL 1307223, at *2 (suggesting an allegation of retaliation was not too complex to be handled by a pro se litigant where the events alleged took place in the plaintiff's presence). Here, Plaintiff is an experienced litigator. *See Davis v. Sedgwick Claims Mgmt. Servs.*, No. 21-CV-7090, 2022 WL 153251, at *5 (S.D.N.Y. Jan. 18, 2022) (describing Plaintiff's litigation history). This fact cuts against appointing counsel. S*ee Mitchell v. Annucci*, No. 19-CV-718, 2019 WL 4126435, at *2 (N.D.N.Y. Aug. 30, 2019) (finding appointment of counsel not warranted where "[p]laintiff [was] a frequent litigator in the courts of New York and has demonstrated that he is capable of presenting his case"); *Abreu v. Donahue*, No. 17-CV-1312, 2018 WL 11236521, at *7 (N.D.N.Y. Mar. 13, 2018) (same).

Finally, Plaintiff has failed to allege that there are any special circumstances which require counsel to be appointed. *Compare Artis*, 2024 WL 1307223, at *3 (rejecting application for appointment of counsel because "[p]laintiff has not presented any other, special circumstances that warrant the appointment of counsel"), *and Jessamy v. Lamanna*, No. 21-CV-9242, 2023 WL 3386154, at *2 (S.D.N.Y. May 11, 2023) (same), *and Ross v. Brown*, No. 09-CV-5737, 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010) (same), *with Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *1, 3 (S.D.N.Y. May 8, 2020) (finding that

plaintiff had demonstrated special circumstances where their physical disability, depression, and post-traumatic stress disorder prevented them from adequately litigating the case), *and Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270, at *3 (S.D.N.Y. Sept. 28, 2012) (citing "language difficulties or mental health problems" as examples of "special circumstances" meriting appointment of counsel).

For the reasons stated above, Plaintiff's request is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding his circumstances if they materially change. The Clerk is respectfully directed to mail a copy of this Order to Plaintiff and terminate the pending Motion. (Dkt. No. 134.)

SO ORDERED.

Dated:    October 28, 2024
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge