UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AASIR AZZARMI,

                      Plaintiff,

    v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC, *et al.*

                      Defendant.

No. 20-CV-9155 (KMK)

OPINION AND ORDER

---

Appearances:

Aasir Azzarmi
Inglewood, CA
*Pro Se Plaintiff*

Daniel Ryan Axelrod, Esq.
Peter T. Shapiro, Esq.
Lewis Brisbois Bisgaard & Smith LLP
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

    Aasir Azzarmi ("Azzarmi" or "Plaintiff") brings this Action pro se against Sedgwick Claims Management Services, Inc. ("Sedgwick CMS") and Sedgwick SIU, Inc. ("Sedgwick SIU"; with Sedgwick CMS, "Sedgwick" or "Defendants"). (*See* Third Am. Compl. ("TAC") (Dkt. No. 106).)[1] On September 24, 2024, the Court issued an Opinion (the "2024 Opinion") dismissing most of the claims and Defendants in Plaintiff's Third Amended Complaint ("TAC"). *See Azzarmi v. Neubauer*, No. 20-CV-9155, 2024 WL 4275589 (S.D.N.Y. Sept. 24, 2024),

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page in cites from the record.

*reconsideration denied sub nom. Azzarmi v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 20-CV-9155, 2025 WL 35003 (S.D.N.Y. Jan. 6, 2025).  Two claims remain: Plaintiff's discrimination and retaliation claims against Defendants pursuant to 42 U.S.C. § 1981.  *See id*. at *29 ("To summarize, the Court dismisses all of Plaintiff's claims with the exception of the [Section] 1981 discrimination and retaliation claims against Sedgwick.").

Before the Court is Defendants' Motion to Dismiss Count II (i.e., Plaintiff's Section 1981 retaliation claim) of the TAC pursuant Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (*See* Defs.' Mot. to Dismiss Count II ("Defs. Mot.") (Dkt. No. 135).)  For the reasons that follow, the Motion is denied.

## I.  Background

The Court presumes that the Parties are familiar with the factual and procedural background of this Action and will therefore only discuss each to the extent necessary to resolve the instant Motion.

### A. Factual Background

The Court will take all well-pleaded factual allegations in the Third Amended Complaint ("TAC") as true for the purposes of this Motion.  *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023) ("The factual summary below is derived from the allegations in the [complaint], which we must accept as true in reviewing a motion to dismiss.").

Plaintiff—a resident of California—is a practicing Muslim who identifies as Hispanic.  (*See* TAC ¶¶ 16, 29.)  During the relevant time period, Plaintiff worked as a flight attendant for Delta Airlines.  (*Id.* ¶ 13.)  As alleged, Sedgwick handled Workers' Compensation matters involving Delta employees.  (*Id.* ¶ 11.)

In January 2017, Plaintiff was injured on the job. (TAC ¶ 13.) Plaintiff avers that, from as early as January 2017, Sedgwick was responsible for approving or denying Plaintiff's "workers['] compensation leave of absence." (*Id*. ¶ 15.) Plaintiff also asserts that in approximately April 2017 through June 2017, a Sedgwick employee informed Plaintiff that because Plaintiff is Hispanic, Sedgwick believed Plaintiff was committing insurance fraud. (*Id*. ¶ 16; *see also id*. ¶ 26 (alleging that at least one Sedgwick employee continued using racial slurs when referring to Plaintiff and suggesting that Plaintiff was engaging in Workers' Compensation fraud and was "lazy and [did not] want to work" because Plaintiff is Hispanic).) In addition, Plaintiff alleges that a non-Hispanic Sedgwick employee referred to Hispanic individuals using racial epithets when speaking with Plaintiff. (*Id*. ¶ 17.)

In or around August or September 2017, Plaintiff informed the New York State Workers' Compensation Board ("WCB") of Sedgwick's alleged racial discrimination, noting that Plaintiff had been treated differently from similarly situated white comparators who sought workers compensation. (*Id*. ¶ 23.) Around that same time, the WCB concluded that Sedgwick had persistently delayed and wrongfully denied Plaintiff's workers' compensation claims and fined Defendants. (*See id*. ¶ 24.) In October 2017, after being fined by the WCB, Defendants retroactively denied previously approved leaves of absence, causing Plaintiff to have more than seven "unexcused absences" in violation of Delta policy. (*See id*. ¶ 25.) As a result of these unapproved absences, Plaintiff was terminated. (*See id*.)

B. Procedural Background

The Court summarizes the relevant proceedings that have taken place since the Court's last substantive order in this case. On September 24, 2024, the Court issued its 2024 Opinion granting in part and denying in part Motions to Dismiss filed by both Defendants and former

3

Defendants.  (*See* 2024 Op (Dkt. No. 122).)  On October 9, 2024, Defendants filed a pre-motion letter requesting a briefing schedule for a motion to dismiss Count II of the TAC.  (*See* Dkt. No. 126.)  The Court set a briefing schedule.  (*See* Dkt. No. 127.)

On October 21, 2024, Defendants filed their Motion.  (*See* Defs. Mot.; Defs. Mem. in Supp. of Mot. to Dismiss ("Defs. Mem.") (Dkt. No. 136).)  Neither Plaintiff nor Defendants have filed any papers in relation to the Motion since that time.  (*See generally* Dkt.)  The Court therefore considers the Motion fully briefed.  *See Boykins v. Lopez*, No. 21-CV-2831, 2022 WL 2307684, at *1 (S.D.N.Y. June 27, 2022) (considering a motion to dismiss fully briefed where the plaintiff failed to file an opposition memorandum and the defendants failed to file any reply).

## II.   Discussion

### A.  Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id*. (alteration adopted) (internal quotation marks and citation omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id*. at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id*. at 570. However, if a plaintiff has not "nudged [his] claim[ ] across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id*.; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id*. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 240 (S.D.N.Y. 2021) (same).

B. <u>Analysis</u>

In the TAC, Plaintiff claims that Defendants retaliated against Plaintiff for filing a complaint with the WCB. (*See* TAC ¶¶ 20–25.) In their Motion, Defendants argue that this claim must be dismissed because the "only claims that may permissibly be filed with the [WCB]" for retaliation are for an "employer's adverse action taken in response to the filing of a Workers' Compensation claim." (*See* Defs. Mem. 4–8.)

"To present a prima facie case of retaliation under . . . [Section 1981], a plaintiff must show that (1) [the plaintiff] participated in an activity protected by [Section 1981], (2) this participation was known to [the plaintiff's] employer, (3) the employer subjected [the plaintiff] to a materially adverse action thereafter, and (4) a causal connection existed between the protected activity and the adverse action." *Gonzalez v. Sutton Park Ctr. for Nursing & Rehab.*, No. 23-CV-8788, 2025 WL 920607, at *10 (S.D.N.Y. Mar. 26, 2025) (citing *Moll v. Telesector Res. Grp., Inc.*, 94 F.4th 218, 239 (2d Cir. 2024)). Defendants argue that Plaintiff has failed to satisfy the first element of this test. (*See* Defs. Mem. 4–8.)

Defendants' only argument in their Motion appears to be that because the WCB is not empowered by statute to deal with racial discrimination issues, Plaintiff's complaint to the WCB could not have constituted protected activity. At bottom, this argument suggests that in order to engage in protected activity under Section 1981, a plaintiff must complain about racial discrimination to a body with the power to rectify that discrimination. But Defendants point to no case law (and the Court can identify none) that would require as much. Moreover, such a holding would be in tension with other precedent in this area, as courts have noted that complaints to third parties such as customers or "industry or . . . society in general"—entities with no direct power to rectify the conditions of a plaintiff's employment—can constitute

6

protected activity.  *See Governale v. Cold Spring Harbor Cent. Sch. Dist.*, No. 14-CV-2689, 2017 WL 4357337, at \*6 (E.D.N.Y. Sept. 29, 2017) (noting that "[p]rotected activities can include 'making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers who have filed formal charges'" (quoting *Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990)); *Moore v. Kingsbrook Jewish Med. Ctr.*, No. 11-CV-3625, 2013 WL 3968748, at \*17 (E.D.N.Y. July 30, 2013) (noting that even complaints to "certain third parties, such as a customer, may constitute protected activity").

In assessing whether a plaintiff's activity constitutes "protected activity" under Section 1981, courts have emphasized that "[p]rotected activity includes *any* opposition to an employment practice" and noted that the key analysis involves assessing whether "the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the anti-discrimination laws." *Trotter v. Nat'l Football League*, 737 F. Supp. 3d 172, 182 (S.D.N.Y. 2024) (emphasis added) (alterations adopted) (internal quotation marks omitted) (quoting *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013)).  Here, Plaintiff alleges that an employee of Defendants explicitly told Plaintiff that because of Plaintiff's identity as Hispanic, Defendants believed Plaintiff's request for workers compensation were fraudulent.  (*See* TAC ¶ 16.)  Based on these allegations, it would be reasonable for Plaintiff to believe that Defendants violated Section 1981.  *Cf. Shkoza v. N.Y.C. Health and Hosps. Corp.*, No. 20-CV-3646, 2021 WL 4340787, at \*7–8 (S.D.N.Y. Sept. 22, 2021) (concluding that plaintiff properly alleged she engaged in protected activity where she complained that she was being discriminated against because she was Albanian); *see also Gachette v. Metro N. High Bridge*, No. 12-CV-3838, 2013 WL 144947, at \*6 (S.D.N.Y. Jan. 14,

2013) (concluding that the plaintiff properly alleged he was engaged in protected activity where he had complained about racial discrimination). For this reason, the Court rejects Defendants' argument, and concludes that Plaintiff has sufficiently alleged that the WCB complaint constituted protected activity within the meaning of Section 1981.[2]

---

[2] Defendants do not appear to dispute that Plaintiff's allegations satisfy the remaining elements of a retaliation claim. (*See generally* Defs. Mem.) The Court concludes that Plaintiff sufficiently alleges both the adverse action and causation elements of a Section 1981 retaliation claim.

As to adverse action, Plaintiff alleges that Defendants retroactively denied Plaintiff leave, thus resulting in Plaintiff's termination. (*See* TAC ¶¶ 25.) "Termination is plainly sufficient to constitute an adverse employment action for the purposes of a . . . retaliation claim." *See McConkey v. Churchill Sch. & Ctr.*, No. 24-CV-6091, 2025 WL 2062195, at *13 (S.D.N.Y. July 23, 2025); *see also Edelman v. NYU Langone Health Sys.*, 141 F.4th 28, 45 (2d Cir. 2025) ("There is no dispute that [the plaintiff] was subjected to an adverse employment action when her employment was terminated by the failure to renew her contract.").

As to causation, the temporal proximity between the protected activity (Plaintiff's complaint to the WCB) and the adverse action (Plaintiff's termination) is around two months, which courts in the Second Circuit have found sufficient to plausibly allege causation. *See Hatcher v. N.Y.C. Dep't of Educ.*, No. 23-CV-3510, 2024 WL 4333643, at *9 (E.D.N.Y. Sept. 27, 2024) (noting that "[t]he Second Circuit has held that 'five months is not too long to find the causal relationship'" (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010))); *Cano v. SEIU Loc. 32BJ*, No. 19-CV-8810, 2021 WL 4927166, at *11 (S.D.N.Y. June 15, 2021) (concluding two- to three-month temporal gap was sufficient to allege causation under Section 1981), *report and recommendation adopted*, No. 19-CV-8810, 2021 WL 4480274 (S.D.N.Y. Sept. 30, 2021).

A closer question is whether Plaintiff has adequately alleged that the complaint to the WCB put Defendants on notice of Plaintiff's protected activity. *See Trotter*, 737 F. Supp. 3d at 182 (noting that in order to plead a retaliation claim, the plaintiff must sufficiently allege that the defendant was put on notice that a complaint about discrimination had been made). Plaintiff alleges that the complaint to the WCB alleged that Defendants were engaged in racial discrimination. (*See* TAC ¶¶ 23.) However, it is not immediately clear based on this allegation alone that Defendants were made aware of the racial dimension of Plaintiff's complaint to the WCB. As Defendants point out, the WCB does not have the statutory authority to hear race-based retaliation complaints. *See Jackson v. Scotts Co.*, No. 08-CV-1064, 2008 WL 1748454, at *2–3 (S.D.N.Y. Apr. 9, 2008) (threatening Rule 11 sanctions against an attorney who argued that retaliation provision of the New York Workers' Compensation Law encompassed race-based claims). Therefore, even if Defendants had been made aware that Plaintiff had complained to the WCB, it is not clear that this would have put them on notice that the complaint related to *racial* discrimination. And although the TAC asserts that the WCB concluded that Plaintiff's workers' compensation claims were meritorious and that Defendants had engaged in wrongful delay and

III.  Conclusion

For the foregoing reasons, the Court denies Defendants' Motion. The Clerk of Court is directed to close the pending Motion (Dkt. No. 135) and mail a copy of this Opinion and Order to Plaintiff. The Court will hold a status conference on October 23, 2025 at 10:30 AM.

SO ORDERED.

Dated:  September 23, 2025
        White Plains, New York

KENNETH M. KARAS
United States District Judge

---

denial tactics, (*see* TAC ¶ 24), Plaintiff nowhere alleges that the WCB concluded that this delay or denial was *race-based*, (*see generally* TAC).

   Nevertheless, Defendants did not raise this argument in their Motion. (*See generally* Defs. Mem.) Moreover, construing all inferences in Plaintiff's favor, as the Court must, the Court concludes it is plausible to infer that Defendants had access to Plaintiff's complaint to the WCB or that they were otherwise informed about the racial dimensions of Plaintiff's allegations during the proceedings.