Because Plaintiff does not present new circumstances from his previous Motion for Appointment of Counsel and does not describe in more detail his efforts to obtain counsel on his own, this Motion is denied without prejudice. Plaintiff may renew his Motion and describe any new circumstances or efforts to obtain counsel as the case proceeds.

So ordered.

11/6/2025

1

Aasir Azzarmi
10217 S. Inglewood Ave.
Inglewood, CA 90304
(323) 632-8531
azafata@yahoo.com

2

3

AASIR AZZARMI, PRO SE PLAINTIFF

4

5

6

UNITED STATES DISTRICT COURT

7

SOUTHERN DISTRICT OF NEW YORK (S.D.N.Y)

8

9

10

| | |
|---|---|
| **AASIR AZZARMI,** | ) **Case No: 7:20-cv-09155-KMK** |
| Plaintiff, Pro Se | ) |
| | ) **LETTER MOTION FOR** |
| v, | ) **APPOINTMENT OF PRO BONO** |
| | ) **COUNSEL** |
| **DONALD NEUBAUER,** | ) |
| **SEDGWICK CLAIMS** | ) |
| **MANAGEMENT SERVICES, et. al** | ) |
| **DOES 1-10, et. al** | ) |
| Defendants | ) |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LETTER MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**

Dear Honorable Court,

Plaintiff, who is pro se, renews Motion for Appointment of Pro Bono Counsel. Plaintiff, who is pro se, understands that the Court can not force, order or demand an attorney to represent Plaintiff pro bono, as a result of granting this motion and Plaintiff does not expect this.  However, Plaintiff is simply requesting that the Court grant this to see if perhaps an attorney may want to volunteer as pro bono counsel before discovery. Perhaps a new attorney may want to gain some experience or perhaps someone is retired and wants to stay busy and get out of the house.  In the very least and/or in the alternative, because Sedgwick,(in joint pre-trial scheduling letter) does not want to even attempt mediation, already declined to attend any settlement conference after discovery ends with magistrate judge, Plaintiff is requesting the Court grant this motion for appointment of pro bono counsel, in the very least, for jury trial. Plaintiff, who is pro se, does not have any experience and has never had a jury trial.   Therefore, if the Court is not currently inclined to grant Plaintiff's motion for appointment of pro bono counsel for whatever reason, Plaintiff requests the ability to renew this motion before the jury trial.

## LEGAL STANDARD

Plaintiff meets all Hodge factors. .*Desrameaux v. Delta Air Lines Inc.*, 2:15-CV-347(CBA) (VMS) (E.D.N.Y. Mar. 8, 2018)(Because Desrameaux survives the instant dispositive motion, the Court sua sponte raises the issue of appointment of pro bono counsel...Hodge v. Police 802 F.2d 58, 60(2d Cir. 1986). Still, the Court "should first determine," as a threshold requirement, whether Desrameaux's "position seems likely to be of substance." Id. at 61. If yes, the Court should then consider… any special reason in that case why appointment of counsel would be more likely to lead to a just determination…it is clear to the Court that Desrameax's position has "some merit." Barrington v. New York, 806 F. Supp. 2d 730, 751(S.D.N.Y. 2011); see also Johnston v. Maha, 606 F.3d 39,41 (2d Cir. 2010) (requiring only "some likelihood of merit"). She need not make a "prima facie showing" or even "survive a dispositive motion," see Ferrelli v. River Manor Health Care Ctr., 323 F.3d196, 204 (2d Cir. 2003), yet she did both here. Desrameaux made a prima facie showing of racial discrimination and contract breach... Accordingly, Desrameaux has not made "mere bald assertions" that "technically . . . suffice to avert summary judgment" but otherwise disentitle her to pro bono counsel. Hodge, 802 F.2d at 60. The Court accordingly turns to the other Hodgefactors….the Court finds that the trial likely will center on testimonies of dueling witnesses(Medina and Desrameaux), and that counsel would be exceedingly helpful in such circumstances. As the Second Circuit

**LETTER MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**

has advised, "[i]f a case's factual issues turn on credibility, this should weigh on the side of appointing counsel since 'it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination.'" Hodge, 802 F.2d at 61 (quoting Maclin v. Freake, 650 F.2d 885, 888(7th Cir. 1981) (per curiam)).")

Respectfully Submitted,

**DATE: 11/03/2025** _____/s/_____
                    AASIR AZZARMI, PRO SE PLAINTIFF

## PROOF OF SERVICE

I, AASIR AZZARMI, declare under penalty of perjury that on 11/05/2025, I served a copy of the attached: "**LETTER MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**"on Defendant Sedgwick's attorney Peter Shapiro.

_x__ E-MAIL – I have served Defendant's attorney Peter Shapiro. via email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 5, 2025

_____/s/_____
          AASIR AZZARMI
          PRO SE PLAINTIFF

**LETTER MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**