UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AASIR AZZARMI,<br><br>                    Plaintiff,<br><br>          v.<br><br>SEDGWICK CLAIMS MANAGEMENT<br>SERVICES, INC., *et al.*,<br><br>                    Defendants. | 20-CV-9155 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

Aasir Azzarmi ("Plaintiff") brings this Action *pro se* against Sedgwick Claims Management Services, Inc., and Sedgwick SIU, Inc. ("Defendants"), asserting employment-related claims.  Plaintiff has missed a discovery deadline and has generally refused to cooperate with Defendants through the discovery process, including by failing to respond to a notice of deposition served December 12, 2025, requesting Plaintiff to appear for her deposition on January 29, 2026.  (Dkt. No. 154).  The Court ordered Plaintiff to respond to Defendant's letter detailing these issues by January 23rd, 2026, noting "failure to respond could result in sanctions." (Dkt. No. 155).  Plaintiff did not respond.  (*See* Dkt.)  Defendants now seek sanctions.  (Dkt. No. 157).

Under Fed. R. Civ. P. 37(d), the Court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response."  The Court may also order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition," though here, Plaintiff has not yet failed to appear for the January 29, 2026 deposition. *Id.*  Defendants request, as sanctions, the Court to foreclose Plaintiff from presenting any documentary evidence or testimony at summary judgment or trial.  (Dkt. No. 157).  "In determining what sanctions to impose, the Court must

consider '(1) the willfulness of the non-compliant party or the reason for its noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Doug's Word Clocks.com Pty Ltd. v. Princess Int'l, Ltd.*, 323 F.R.D. 167, 174 (S.D.N.Y. 2017) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–03 (2d Cir. 2009)).  Here, given "the clarity and simplicity of the Court's orders and the absence of any indication that [Plaintiff's] noncompliance is the result of factors beyond [her] control," the Court concludes the noncompliance is willful.  *Grammar v. Sharinn & Lipshie, P.C.*, No. 14-CV-6774, 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016).  No sanctions have yet been imposed, so the efficacy of lesser sanctions is still untested.  The noncompliance here is short—Plaintiff's earliest missed deadline was interrogatory responses two weeks ago, although her noncooperation with Defendants has continued for over a month.  (See Dkt. No. 154).  See *Urbont v. Sony Music Entm't*, No. 11-CV-4516, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) ("[C]ourts . . . have found noncompliance for a period of several months sufficient to warrant dismissal or default.").  Finally, Plaintiff was warned the noncompliance could result in sanctions in this Court's January 20, 2026 letter.  (Dkt. No. 155).

Because there has been willful noncompliance despite the Court's clear warnings, the Court finds some sanction is necessary.  But Defendants' requested sanction—precluding Plaintiff from testifying or offering documentary evidence—is out of proportion with the violations they have pointed to thus far, which are Plaintiff's failure to respond to interrogatories and her failure to respond to the Court's January 20, 2026 letter.  (Dkt. Nos. 154, 157).  *See, e.g., Outley v. City of New York*, 836 F.2d 587, 590 (2d Cir. 1988) (describing "[t]he refusal to allow" a party's witness to testify as "an extreme sanction in any case" that may have "an excessively

harsh effect"); *Simo Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019) ("Precluding testimony is a drastic and disfavored measure.").

Accordingly, the Court considers the most tailored sanction to be that Plaintiff has waived her objections to any of Defendants' interrogatories. *See, e.g., Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." (citation and quotation marks omitted)); *Demary v. Yamaha Motor Corp., U.S.A.*, 125 F.R.D. 20, 22 (D. Mass. 1989) ("deem[ing]" a party who did not respond to interrogatories "to have waived any objections to the interrogatories"). Plaintiff is ordered to provide full responses to the interrogatories within 14 days of this Order.

The Court warns Plaintiff that continued noncompliance can result in furt her sanctions, including dismissal of her case, under Rule 37. *See Agiwal*, 555 F.3d at 303 ("We have little trouble concluding that [plaintiff's] noncompliance, including her failure to appear at three scheduled depositions, amounted to sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of [the] action." (citation and quotation marks omitted)). If her noncompliance continues, including by failure to sit for a deposition by close of discovery, Defendants may move for further sanctions.

SO OR DERED.

Dated: January 27, 2026
      White Plains, New York

                                               KENNETH M. KARAS
                                           United States District Judge