UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

AASIR AZZARMI,

                  Plaintiff,

      -against-

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC. AND SEDGWICK SIU,
INC.,

                Defendants.

-------------------------------------------------------X

**OPINION AND ORDER**

20 Civ. 9155 (KMK)(JCM)

        Plaintiff Aasir Azzarmi ("Plaintiff") commenced this action on November 2, 2020.  In September 2024, the Honorable Kenneth M. Karas issued an Opinion and Order dismissing most of the claims and defendants in Plaintiff's Third Amended Complaint. (Docket No. 122).  Two claims remain: Plaintiff's (1) discrimination and (2) retaliation claims against Sedgwick Claims Management Services, Inc. and Sedgwick SIU, Inc. (collectively, "Sedgwick" or "Defendants") pursuant to 42 U.S.C. § 1981. (*See id.* at 66; *see also* Docket No. 148).  Presently before the Court is Defendants' letter motion to (1) compel Plaintiff to answer certain questions that she refused to answer during her deposition on March 11, 2026 based on the Fifth Amendment privilege against self-incrimination; and (2) sanction Plaintiff for her discovery deficiencies ("Motion"). (Docket No. 179).  Plaintiff opposed the Motion ("Pl. Opp."). (Docket No. 187). The Court has reviewed the transcript from Plaintiff's deposition ("Deposition Tr."). (Docket No. 191).  For the reasons set forth below, the Motion is granted in part and denied in part.

        Defendants assert that the Fifth Amendment privilege "does not apply to any of the straightforward questions at issue which as far as can reasonably be determined would not require Plaintiff to disclose any information about even arguably criminal conduct she might

1

have engaged in or might potentially be accused of." (Motion at 1).  Therefore, Defendants ask the Court to "compel Plaintiff to answer those questions, and any necessary follow-up questions, at a continued deposition to be scheduled as soon as possible." (*Id.*).  Defendants also request that Plaintiff be sanctioned due to her "continued failure to provide appropriate discovery." (*Id.*).

Plaintiff asserts that she "doesn't need permission to exercise Fifth Amendment Rights and [that she] will not waive her Fifth Amendment rights by explaining anything further." (Pl. Opp. at 4).  Nonetheless, in liberally construing Plaintiff's opposition, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff appears to argue that invoking the Fifth Amendment during her deposition was appropriate for several reasons.  First, because she had "reasonable cause to apprehend[] danger" by answering Defendants' questions, she invoked the privilege to protect against disclosure that she reasonably believed could be used in a criminal prosecution against her ("[O]nly Plaintiff and Defendant[s] know what crimes Defendant[s] [have] been attempting to prosecute Plaintiff with for many years and Plaintiff will not assist Defendant[s] to ever make, fabricate, or manufacture any possible links whatsoever."). (Pl. Opp. at 3-4).  Second, the undersigned previously denied Plaintiff's request to conduct an *in camera* review of certain redacted documents that Defendants sent Plaintiff during discovery, (*see* Docket No. 178), but Plaintiff maintains that reviewing Defendants' e-mails "would clearly[] show why Plaintiff has reasonable cause to invoke the Fifth Amendment privilege," (Pl. Opp. at 6).[1]  Third, Plaintiff

---

[1] Specifically, Plaintiff argues that denying her request to inspect Defendants' e-mails *in camera* was an "abuse of discretion," because she believes the "same criminal issue" that gave her "reasonable cause to invoke the Fifth Amendment privilege" during her deposition is discussed in Defendants' e-mails. (Docket No. 187 at 5-6).  Plaintiff asserts that the "Fifth Amendment privilege issue is unequivocally related to, synonymous to, relevant to Defendant[s'] 'attorney client privilege,' because they involved the same crimes and/or prosecution of crimes that Defendant[s] [have] been unsuccessfully attempting to maliciously prosecute Plaintiff with." (*Id.* at 2).  As discussed on the record during the Telephone Conference held on March 26, 2026, the documents Plaintiff requested are protected by attorney-client privilege and work-product privilege.  This Court's denial of Plaintiff's prior discovery requests and Plaintiff's refusal to answer questions during her deposition are two distinct issues.  Despite making conclusory statements that they are connected, Plaintiff does not explain or provide any support demonstrating her allegation.  Thus, this argument is baseless.

2

argues that "all of Defendant[s'] questions which Plaintiff invoked [the] Fifth Amendment on are absolutely irrelevant to the civil issues, facts, and merits of this case and are precluded under Rule 26 ... because Defendant[s] [have] failed to argue relevance, undue prejudice, and how Plaintiff's invocation of [the] Fifth Amendment hampered Defendant[s'] ability to obtain discovery IN THIS CASE." (*Id.*) (emphasis in original). Fourth, Plaintiff maintains that under Federal Rule of Evidence 403, Defendants' deposition questions are of "minimal probative value." (*Id.* at 6-7).[2]

Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). While relevant evidence, for purposes of discovery, need not be admissible at trial, a court "must limit the frequency or extent of discovery otherwise allowed" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Lynch v. City of N.Y.*, No. 16-CV-7355 (LAP), 2021 WL 5140728, at *2 (S.D.N.Y. Nov. 4, 2021) (quoting Fed. R. Civ. P. 26(b)(2)(C)); *see also* Fed. R. Civ. P. 26(b)(1). Relevance is determined "in light of the claims and defenses asserted by the parties," *In re Bairnco Corp. Sec. Litig.*, 148 F.R.D. 91, 96 (S.D.N.Y. 1993), and the Court has "broad discretion in determining relevance for discovery purposes," *Michael Kors, L.L.C. v. Su Yan Ye*, 1:18-CV-2684 (KHP), 2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019). "The burden of demonstrating relevance is on the party seeking discovery." *Cohen v. City of N.Y.*, No. 05 Civ. 6780 (RJS)(JCF), 2010 WL 1837782, at *2 (S.D.N.Y. May 6, 2010).

---

[2] The Court notes that Federal Rule of Evidence 403 does not apply here. Discovery in this case is governed by the Federal Rules of Civil Procedure, and the applicable standard is relevance. Accordingly, this argument is meritless.

The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. "It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972); *see also OSRecovery, Inc. v. One Groupe Intern., Inc.*, 262 F. Supp. 2d 302, 305-06 (S.D.N.Y. 2003). "This Circuit, however, routinely has held that '[t]he danger of self-incrimination must be real, not remote or speculative,' and '[w]hen the danger is not readily apparent ... the burden of establishing its existence rests on the person claiming the privilege.'" *OSRecovery, Inc.*, 262 F. Supp. 2d at 306 (quoting *Estate of Fisher v. C.I.R.*, 905 F.2d 645, 649 (2d Cir. 1990)). "It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details." *Mitchell v. United States*, 526 U.S. 314, 321 (1999). A witness waives the privilege "for the matters to which [he or she] testifies, and the scope of the 'waiver is determined by the scope of relevant cross-examination.'" *Id.* (quoting *Brown v. United States*, 356 U.S. 148, 154-55 (1958)). Moreover, a witness may be precluded "from offering favorable testimony (written or oral) as to any of the questions [he or] she refused to answer at deposition." *Azzarmi v. 55 Fulton Mkt.*, 20-CV-6835 (GBD)(BCM), 2022 WL 17156709, at *3 (S.D.N.Y. Nov. 22, 2022).

During her deposition, as well as in several submissions on the docket,[3] Plaintiff voluntarily stated her belief that the Port Authority Police Department ("Port Authority") is

---

[3] For example, in her cross-motion to amend the complaint, Plaintiff requests to add the Port Authority Police Department ("Port Authority") as a new defendant. (Docket No. 171 at 4). She asserts that "Sedgwick ordered its agents, Port Authority police officers, whom Sedgwick has a contract with to beat, rape, kidnap, falsely imprison, falsely arrest, confiscate money and property, torture, cause physical and emotional harm(including [*sic*] but not

4

Sedgwick's agent, and that Sedgwick ordered the Port Authority to arrest, harm, and surveil her on various occasions because she had committed fraud. (*See, e.g.*, Deposition Tr. at 46:20-47:4; 48:16-19; 49:8-9; 49:21-24; 51:13-15; 55:2-5; 57:25-58:11; 94:17-95:18, 118:22-119:5). Therefore, Plaintiff is "barr[ed] [] from invoking her Fifth Amendment rights 'when questioned about the details'" of these assertions. *Azzarmi*, 2022 WL 17156709, at *2 (quoting *Mitchell*, 526 U.S. at 321). However, when Defendants asked Plaintiff certain questions related to her allegations against the Port Authority, Plaintiff frequently invoked the Fifth Amendment and refused to answer.[4] This invocation was improper, as she waived the privilege to answer questions relating to her allegations against Sedgwick and the Port Authority by voluntarily testifying, and including information in her court submissions, about the same. *See Mitchell*, 526 U.S. at 321.

Moreover, in light of the claims asserted by Plaintiff, the Court disagrees that Defendants' questions about Plaintiff's allegations against Sedgwick and the Port Authority are irrelevant. (*See* Pl. Opp. at 6). On the contrary, her answers could provide information that is reasonably calculated to lead to discovery of admissible evidence relating to the claims and defenses in this case. *See* Fed. R. Civ. P. 26; *In re Bairnco Corp. Sec. Litig.*, 148 F.R.D. at 96. "At the pretrial discovery stage of a litigation, relevancy, as it relates to information sought to be

---

limited to broken bones)" and that "Port Authority falsely arrested/imprisoned, etc, etc , [*sic*] to prevent Plaintiff from exercising [her] rights under 42 USC 1981 ... including retaliating against Plaintiff for filing this case here." (*Id.*).

[4] For example, Defendants asked Plaintiff whether the Port Authority pursued a criminal prosecution against her after she was arrested; whether she lived in Queens at the time of her arrest by the Port Authority; the names of people who told her she was being subjected to surveillance by Sedgwick; why Plaintiff traveled to New York at the time she was allegedly arrested by the Port Authority, whether she has documents to prove she traveled to New York at those times, whether she has a New York residence, and where she stayed while in New York. (Docket No. 179 at 3-6). However, the Court notes that with respect to one category of questions – the names of people who told Plaintiff she was being subjected to surveillance by Sedgwick in California – Plaintiff invoked the Fifth Amendment, but then provided names of two individuals. (Deposition Tr. at 96:11-97:25).

disclosed, is broadly construed." *Sokol v. Wyeth, Inc.*, No. 07 Civ. 8442 (SHS)(KNF), 2008 WL 3166662, at *3 (S.D.N.Y. Aug. 4, 2008). Given Plaintiff's assertions that Sedgwick and the Port Authority have been violating her First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights since 2017, (*see* Pl. Opp. at 7), answers to questions about the details of these claims could provide relevant information that is "reasonably calculated to lead to the discovery of admissible evidence," *Sokol*, 2018 WL 3166662, at *3 (citing Fed. R. Civ. P. 26(b)(1)).

Plaintiff also invoked the Fifth Amendment with respect to categories of questions relating to her location during the time of the deposition, her contact information, her employment status and how she supports herself, whether she receives social security benefits or is on Medicaid, if she owns or rents her residence, whether she has received unemployment insurance benefits, and who bought her current cell phone.[5] (Motion at 1-3, 6-8). Plaintiff "steadfastly refused, on Fifth Amendment grounds, to answer [these] questions," yet "has failed to articulate any 'reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution.'" *Azzarmi*, 2022 WL 17156709, at *2 (quoting *OSRecovery*, 262 F. Supp. 2d at 306). Given Plaintiff's discrimination and harassment claims, and purported damages – which include physical therapy expenses related to fractures from violence that she alleges Sedgwick ordered the Port Authority to commit on its behalf, (*see* Deposition Tr. 143:16-144:18) – Defendants' questions are relevant, as Plaintiff's answers could provide information that is reasonably calculated to lead to discovery of admissible evidence relating to the claims, defenses, and damages in this case, *see* Fed. R. Civ. P. 26; *In re Bairnco Corp. Sec. Litig.*, 148 F.R.D. at 96. Further, "it is not self evident that responses to questions

---

[5] Defendants specifically asked this question as a follow up to Plaintiff asserting that she had documents and e-mails that supported her allegations against Sedgwick and the Port Authority on a phone that is no longer in her possession because it was confiscated by the Port Authority. *See* Deposition Tr. 153:13-16.

such as whether [Plaintiff] owns or rents [her] home, [or] how long [she] has lived at [her] current address ... pose any risk of inculpation." *OSRecovery*, 262 F. Supp. 2d at 307. Plaintiff's "ritualistic assertion of the Fifth Amendment does not justify [her] refusal to answer apparently innocuous questions" and her behavior "suggests an unprincipled and ill-advised effort to frustrate lawful discovery." *Id.*

Finally, at this time Defendants' request to impose sanctions on Plaintiff is denied. However, Plaintiff has previously been admonished and warned for her behavior, (*see, e.g.*, Docket No. 147 at 22-23), and is reminded to cease *ad hominem* attacks on the parties and the Court. Failure to do so may "result in sanctions, up to and including striking Plaintiff's submissions and dismissal of Plaintiff's claims in their entirety." (*Id.* at 22). Nonetheless, "[m]indful that the Court's inherent powers 'must be exercised with restraint and discretion,'" the Court will not impose sanctions at this time. *Azzarmi*, 2022 WL 17156709, at *2 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). However, if Plaintiff still refuses to answer Defendants' questions at a follow up deposition, she is precluded "from offering favorable testimony as to any of the questions she refuse[s] to answer." *Id.*; *see also OSRecovery*, 262 F. Supp. 2d at 307 ("An individual may not use the Fifth Amendment as both a shield and a sword ... as dictated by whim or self-interest."). Moreover, "even in the absence of formal sanctions, a civil plaintiff's refusal to testify on Fifth Amendment grounds is not costless." *Azzarmi*, 2022 WL 17156709, at *2. If this matter goes to trial, Defendants "may seek an appropriate instruction informing the jury that it may (though it is not required to) 'infer from such a refusal that the answer would have been adverse to the witness' interest[.]'" *Id.* (quoting *Mirlis v. Greer*, 952 F.3d 36, 42-45 (2d Cir. 2020)).

Accordingly, for the foregoing reasons, Defendants' Motion is granted in part, and denied in part. Defendants may re-depose Plaintiff, and Plaintiff must answer Defendants' questions relating to her allegations against Sedgwick and the Port Authority, as well as answer the other questions set forth in Defendants' Motion. Plaintiff is directed to make herself available to testify at another deposition on or before May 15, 2026. Further, if Plaintiff still invokes the Fifth Amendment in response to Defendants' questions, she is precluded "from offering favorable testimony (written or oral) as to any of the questions she refuse[s] to answer at deposition." *Id.*, at *3.

Dated:  April 24, 2026
       White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge

8