UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AASIR AZZARMI,

                          Plaintiff,

      v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., *et al.*,

                          Defendants.

No. 20-CV-9155 (KMK)

OPINION & ORDER

---

Appearances:

Aasir Azzarmi
Inglewood, CA
*Pro se Plaintiff*

Peter T. Shapiro, Esq.
Lewis Brisbois Bisgaard & Smith LLP
New York, N.Y.
*Counsel for Defendants*

Daniel R. Axelrod, Esq.
Jackson Lewis P.C.
Melville, N.Y.
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

      Aasir Azzarmi ("Plaintiff"), pro se, brings this Action against Sedgwick Claims

Management Services, Inc., and Sedgwick SIU, Inc. ("Defendants"), asserting discrimination

and retaliation claims under 42 U.S.C. § 1981.  Before the Court are Plaintiff's objections to

several discovery-related orders by Magistrate Judge Judith McCarthy at a March 26, 2026

hearing, Plaintiff's request to extend discovery, and Defendants' cross-motion for sanctions.

Because the Court sees no error, clear or otherwise, in the orders objected to, the Court denies

Plaintiff's objections.  The Court also orders Plaintiff to show cause within 14 days of this Order

why Plaintiff should not be sanctioned for the language in the objections.

## I.  Background

The Court assumes the Parties' familiarity with the underlying facts in this Action.  Judge

McCarthy issued several discovery orders at a conference on March 26, 2026, denying some of

the Parties' discovery requests and allowing others.  (*See* Tr. of Mar. 26, 2026 Conference

("Tr.") (on file with Court).)  Judge McCarthy followed up with an order on March 27, 2026,

specifying which rulings were made at the conference.  (*See* Order (Dkt. No. 178).)  Plaintiff

timely objected broadly to each item in that order on April 1, 2026.  (*See* Pl.'s Objs. (Dkt. No.

183).)  Defendants responded to the objections and cross-moved for sanctions on April 13, 2026.

(*See* Defs.' Cross-Mot. for Sanctions (Dkt. No. 185); Mem. in Supp. re: Cross-Mot. ("Defs.'

Mem.") (Dkt. No. 186).)

## II.  Analysis

A.  Standard of Review

A district court reviewing a decision from a magistrate judge addressing a dispositive

motion "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge."  28 U.S.C. § 636(b)(1).  However, "[u]nder Rule 72 of the

Federal Rules of Civil Procedure, 'when a pretrial matter not dispositive of a party's claim or

defense is referred to a magistrate judge to hear and decide,' the district court 'must consider

timely objections and modify or set aside any part of the order that is clearly erroneous or is

contrary to law.'"  *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, Nos. 18-CV-1781, 18-

CV-7692, 2022 WL 153183, at *2 (S.D.N.Y. Jan. 18, 2022) (alteration adopted) (quoting Fed. R.

Civ. P. 72(a)).  "Orders involving discovery are considered nondispositive."  *Pac. Life Ins. Co. v.*

2

*Bank of N.Y. Mellon*, 571 F. Supp. 3d 106, 112 (S.D.N.Y. 2021). "'An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed' and is 'contrary to law if it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure.'" *Id.* (quoting *Blackrock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-10067, 2018 WL 3863447, at *3 (S.D.N.Y. Aug. 13, 2018)). Because "[a] magistrate judge is best qualified to judge the entire atmosphere of the discovery process," her "rulings on discovery matters are entitled to substantial deference." *Michelo*, 2022 WL 153183, at *2 (quotation marks omitted) (quoting *U2 Home Ent. Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007)).

B. Discussion

Plaintiff objects "to all of Magistrate Judge[ McCarthy's] orders in Docket [No.] 178." (Pl.'s Objs. 2.)[1] The Court addresses those orders in turn.

1. Fifth Amendment

In Plaintiff's first deposition, Plaintiff regularly invoked the Fifth Amendment to decline to answer questions posed to Plaintiff by counsel for Defendants. Judge McCarthy ordered Plaintiff to respond to Defendants' letter explaining which questions Plaintiff meant to invoke

---

[1] Plaintiff also repeatedly objects on due process grounds that the conference proceeded too hastily, without giving Plaintiff a sufficient chance to argue certain positions. (*See* Pl.'s Objs. 2, 10, 13–14.) That objection is without merit: whether to hold oral argument at all, much less how to manage that argument, is the magistrate judge's call, especially given that Plaintiff had submitted voluminous briefing. *See Valsamakis v. Notias*, No. 23-952, 2024 WL 2813493, at *1 (2d Cir. June 3, 2024) (summary order) ("Nor did due process require the magistrate judge to hold a hearing rather than proceed on the papers."); *Pender v. McClellan*, No. 94-CV-413, 1996 WL 343253, at *1 (W.D.N.Y. Feb. 5, 1996) ("The Magistrate Judge had the authority to resolve the matters before her without oral argument from either side.").

3

the Fifth Amendment in response to; to produce documents identified at Plaintiff's deposition that Defendants believe they are entitled to; and to produce all documents in Plaintiff's possession relating to encounters with Port Authority Police that Plaintiff believes Defendants were involved in.  (Order 1.)

Plaintiff's objection, read charitably, is that the Fifth Amendment is broadly interpreted and can be asserted in any proceeding, including the deposition.  (Pl.'s Objs. 11–12.)  But as Judge McCarthy carefully explained, "[t]he Fifth Amendment protects [one] against self-incrimination," and is not a blank check to refuse to answer questions in a deposition for any reason: Plaintiff had not offered any basis to believe that, for example, "questions about where [Plaintiff] [is] located or whether [Plaintiff] . . . lived in New York at the time of" incidents discussed during the deposition, would have the potential to incriminate Plaintiff.  (Tr. 30:19–24.)  Judge McCarthy also correctly found Plaintiff's concern that Defendants might use Plaintiff's answers to accuse Plaintiff of a "made-up" crime was not a justification for invocation of the Fifth Amendment.  (Tr. 36:15–16.)  It was not error to require Plaintiff to specify where and how Plaintiff was attempting to invoke the Fifth Amendment, nor was it error to require Plaintiff to engage with Defendants' position about the propriety of that invocation.  *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590, 2016 WL 1178773, at *4 (S.D.N.Y. Mar. 23, 2016) ("[T]he general reasonableness of a fear of potential self-incrimination does not justify a refusal to answer any and all questions.  The appropriateness of assertions of privilege must be determined on a question-by-question basis." (citation and quotation marks omitted)).  Moreover, Judge McCarthy had not yet ruled on the application of the Fifth Amendment to any given question in the deposition, so this objection is premature.

4

2.  Privilege

Judge McCarthy granted Plaintiff's request that Defendants produce a privilege log, but denied Plaintiff's request to deem Defendants to have waived privilege and Plaintiff's request for Judge McCarthy to conduct an *in camera* review of privileged material.  (*See* Order 2.)

Plaintiff makes three arguments asserting error as to privilege, none of which is persuasive.  *First*, Plaintiff argues Defendants have not met the bar to assert privilege at all. (Pl.'s Objs. 3.)  But as Defendants point out, Defendants "produced privilege logs reflecting the basis for invocation of the privilege."  (Defs.' Mem. 4.)  So Plaintiff could have engaged—but did not—with Defendants' arguments regarding privilege, even though Judge McCarthy gave Plaintiff an opportunity to do so in the Order.  (Order 2.)  *Second*, Plaintiff argues the crime/fraud exception pierces privilege here.  (Pl.'s Objs. 4.)  It does not.  Judge McCarthy correctly "f[ou]nd that the crime-fraud exception does not apply in this case."  (Tr. 17:5–9.)  The crime-fraud exception applies where there is "substantial reason to believe that [Defendants] engaged in or attempted to commit a [crime or] fraud and used communications with [their] attorney to do so."  *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 319 F.R.D. 100, 107 (S.D.N.Y. 2017) (quotation marks and emphasis omitted); *see also In re Omnicom Grp., Inc. Sec. Litig.*, 233 F.R.D. 400, 404 (S.D.N.Y. 2006) ("[T]he controlling question is whether the communications at issue were undertaken to facilitate or conceal the commission of a crime or fraud.").  Here, Plaintiff claims a conspiracy by Defendants against Plaintiff and suggests communications about it exist, but Plaintiff has set out no basis to think privileged communications were undertaken specifically to facilitate that conspiracy, let alone a criminal conspiracy.  (*See* Pl.'s Objs. 5.)  In other words, Plaintiff does not "meet [Plaintiff's] burden to invoke the crime-fraud exception . . . by demonstrating . . . a factual basis for a showing of

probable cause to believe that a crime or fraud has been committed *and* that the communications in question were in furtherance of the fraud or crime." *Suber v. VVP Servs., LLC*, No. 20-CV-8177, 2023 WL 4817551, at \*2 (S.D.N.Y. July 27, 2023) (citation and quotation marks omitted, alteration adopted). *Third*, Plaintiff argues "Defendant[s] automatically waived their attorney-client privilege by not producing a privilege log" because of delays in the log's production. (Pl.'s Objs. 11.) They did not, because delayed production of a privilege log alone does not waive the privilege. *See Pem-Am., Inc. v. Sunham Home Fashions, LLC*, No. 03-CV-1377, 2007 WL 3226156, at \*2 (S.D.N.Y. Oct. 31, 2007) ("[F]ailure to provide a privilege log alone does not warrant a waiver of the attorney-client privilege."). Here, in any event, Judge McCarthy found that "there has been no malfeasance or any problems in the delay," for which there were "legitimate reasons," including Plaintiff's refusal to agree to a protective order. (Tr. 6:6–20.) So, even if an "unjustifiable failure to timely provide a privilege log operates as a waiver of any applicable privilege," this delay was therefore not unjustifiable. *Brown v. Barnes & Noble*, 474 F. Supp. 3d 637, 646 (S.D.N.Y. 2019). The Court does not find that conclusion erroneous on this record.

Finally, the decision to conduct an *in camera* review of privileged documents "rest[ed] in [Judge McCarthy's] sound discretion." *Borchers v. Comm. Union Assurance Co.*, 874 F. Supp. 78, 79 (S.D.N.Y. 1995). "Given the burdens of *in camera* review, and the lack of evidence that any documents would reveal information likely to support Plaintiffs' Position," the decision not to conduct an *in camera* review was not erroneous. *Broidy v. Glob. Risk Advs. LLC*, No. 19-CV-11861, 2023 WL 5447267, at \*4 (S.D.N.Y. Aug. 24, 2023).

### 3. Requests for Admission

Judge McCarthy held Plaintiff's fifth and six sets of requests for admission were "overbroad and unduly burdensome," and that Defendants would not have to respond. (Order 2.) Plaintiff responds that "Requests for Admission can NEVER be 'unduly burdensome'" and that the Federal Rules of Civil Procedure do not limit their number. (Pl.'s Objs. 10.) But the decision to limit them was not erroneous: as Judge McCarthy noted in the March 26 conference, Plaintiff had already made 640 requests for admission, and now seeks to make 152 more. (Tr. 23:18–20.) "Courts routinely disallow requests for admission that run into the hundreds on the grounds that they are abusive, unreasonable, and oppressive," and this Court sees no error in an order that did the same. *Galgano v. Cnty. of Putnam*, No. 16-CV-3572, 2021 WL 3159844, at *1 (S.D.N.Y. June 30, 2021) (collecting cases); *see also A.P. v. CHA Health Sys., Inc.*, No. 19-CV-3826, 2020 WL 13890245, at *4 (E.D.N.Y. Aug. 14, 2020) (holding that "given both the sheer number of Requests and the fact that relatively few of these requests for admission are even relevant, the Court finds them excessive to the point of being abusive" and limiting plaintiff to 25 requests for admission (quotation marks and citation omitted)).

### 4. Request to Extend Discovery

Plaintiff's objections included a request to extend discovery largely on the basis that Plaintiff did not receive responses to previous discovery demands. (Pl.'s Objs. 16.) "These reasons do not constitute good cause to extend or reopen discovery," *Harris v. Computer Assocs. Int'l*, 204 F.R.D. 44, 46 (E.D.N.Y. 2021), because the order objected to explicitly directed Plaintiff to explain what documents were still missing so that Defendants could provide them to Plaintiff, (*see* Order 2). This objection is accordingly denied.

4.  Cross-Motion for Sanctions

Finally, Defendants move for sanctions.  (Defs.' Mem. 20.)  In a January 6, 2025 Order, the Court explicitly "warn[ed] Plaintiff that continued use of harmful language will result in sanctions, up to and including striking Plaintiff's submissions and dismissal of Plaintiff's claims in their entirety."  (Op. & Order 22 (Dkt. No. 147).)  Plaintiff's instant Objections and later submissions alone include the following broadsides against the Court and Defendants:

- Accusing Judge McCarthy of "gaslighting and advocating for rich and powerful Jews (Defendant)," calling her a "post-menopause mentally unstable bureaucrat," and going on to reference "abuses by satanic Jews."  (Pl.'s Objs. 12.)[2]

- Accusing Judge McCarthy of "mental gymnastics, lying, manipulation, gaslighting, . . . [and] refusal to be fair," and calling her "extremely lazy" and "corrupt."  (*Id.* 11.)

- Suggesting there is something salient about defense counsel's religion during a lengthy screed about Jewish people.  (Pl.'s Resp. to Dkt. No. 186 at 7 (Dkt. No. 194) ("Opposing Counsel, who is 'Jewish,' . . .").)  And, in response to Defendants' motion for sanctions, "giv[ing] further factual context" to Plaintiff's comments about Jewish people by explaining the "persecut[ion]" of former Congressman George Santos by "our Jewish Supremacist terrorists and slavemasters and the Jewish mafia."  (*Id.*)

Accordingly, Plaintiff must show cause within 14 days as to why sanctions should not be issued, including the dismissal of this Action.  *See Marseet v. Rochester Inst. of Tech.*, No. 20-

---

[2] Plaintiff describes these comments as somehow immune from sanctions because they reflect Plaintiff's "bona-fide religious beliefs."  (Pl.'s Resp. to Dkt. No. 186 at 5.)  However, "the use of disrespectful . . . language" in litigation justifies sanctions, and "the First Amendment is not a defense, nor [an] excuse" for such language.  *Komatsu v. City of New York*, No. 20-CV-10942, 2021 WL 3363553, at *4 (S.D.N.Y. Aug. 3, 2021) (collecting cases).

CV-7096, 2024 WL 108681, at *8 (W.D.N.Y. Jan. 10, 2024) ("In sum, the Court concludes that Plaintiff's constant, intentional, and bad faith use of 'offensive, abusive, and insulting language' in this litigation, which he repeatedly communicated in defiance of court orders and instructions, warrants the sanction of dismissal of the complaint with prejudice." (quoting *Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014)); *Lewis v. Livingtson Cnty.*, 314 F.R.D. 77, 81 (W.D.N.Y. 2016) ("Many courts have found that dismissal is warranted based on a plaintiff's failure to respond to discovery demands and for non-compliance with court orders." (collecting cases)).[3]

### III.  Conclusion

For the reasons set forth above, the Court rejects Plaintiff's objections in their entirety, and reserves on Defendants' Cross-Motion for Sanctions pending Plaintiff's response to this Order in no later than 14 days.  The Clerk of the Court is respectfully directed to terminate the pending Motions at Dkt. Nos. 183 and 185.

SO ORDERED.

Dated:    May 15, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[3] Defendants have also recently moved for sanctions up to dismissal of the case for Plaintiff's failure to participate in discovery, including failing to sit for a deposition ordered by the Court.  (*See* Letter from Defs. to Ct. (dated May 11, 2026) (Dkt. No. 198).)  That request is currently pending before Judge McCarthy.