UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

AASIR AZZARMI,

                Plaintiff,

      -against-                            **OPINION AND ORDER**

SEDGWICK CLAIMS MANAGEMENT            20 Civ. 9155 (KMK)(JCM)
SERVICES, INC. AND SEDGWICK SIU,
INC.,

                Defendants.

--------------------------------------------------------X

     Presently before the Court is Sedgwick Claims Management Services, Inc. and Sedgwick

SIU, Inc.'s (collectively, "Sedgwick" or "Defendants") letter motion seeking an order pursuant

to Federal Rule of Civil Procedure ("FRCP") 37(b)(2)(A)(1): (1) striking the Complaint and

dismissing this action because Plaintiff failed to appear at a Court-ordered deposition, or, in the

alternative, (2) a ruling "that Plaintiff is precluded from offering any testimony relating to the

subject matter of the deposition questions at issue." ("Motion") (Docket No. 198).  Defendants

also seek fees for the time spent addressing Plaintiff's alleged discovery violations pursuant to

Rules 37(b)(2)(C) or 37(d)(1)(A)(i) of the FRCP. (*Id*. at 2).[1]  Plaintiff opposed the Motion ("Pl.

Opp."). (Docket No. 205).[2]  For the reasons set forth below, the Motion is granted in part and

denied in part.

     On April 24, 2026, the Court held that "Defendants may re-depose Plaintiff, and Plaintiff

must answer Defendants' questions relating to her allegations against Sedgwick and the Port

---

[1] All page number citations herein refer to the page numbers assigned upon ECF filing, unless otherwise noted.

[2] Plaintiff filed the same opposition letter at Docket Nos. 206 & 207.  The Court will only reference Docket No. 205 in this Opinion and Order.  In addition, the Court will only address the portion of Plaintiff's opposition that relates to Defendants' Motion (Docket No. 198).

Authority, as well as answer the other questions set forth in Defendants' Motion." (Docket No. 192 at 8). The Court further directed Plaintiff "to make herself available to testify at another deposition on or before May 15, 2026." (*Id.*). Thereafter, Defendants contacted Plaintiff three times to ascertain whether Plaintiff would abide by the Court's Order so that they could schedule the deposition, but Plaintiff "refused to respond." (Motion at 1). On May 5, 2026, Defendants served a deposition notice for May 12, 2026, and asked Plaintiff to confirm that she would appear. (*Id.*). On May 11, 2026, Plaintiff advised Defendants that she would not appear for a further deposition, so Defendants canceled the deposition and filed the instant Motion. (*Id.*).

Defendants argue that the Court should either (1) dismiss this action due to "Plaintiff's improper conduct in respect of discovery and otherwise, including her discriminatory and insulting ineffective directed to the Court and counsel," or, due to her failure to appear for a second deposition, (2) "rule that Plaintiff is precluded from offering any testimony relating to the subject matter of the deposition questions at issue, and in particular that Plaintiff is precluded from offering any evidence as to Sedgwick's alleged conduct in tandem with the Port Authority to cause her injury on several occasions." (*Id.* at 1-2).

On May 18, 2026, the Court directed Plaintiff to show cause by June 1, 2026, as to "why sanctions, including the dismissal of the case, should not be issued for failing to appear for another deposition on or before May 15, 2026, as ordered by the Court." (Docket No. 202 at 3). Plaintiff timely responded and maintains that she was not required to appear for a second deposition, but rather it was "optional," and that she continues to "exercise [her] Fifth Amendment rights and privileges" over the deposition questions at issue. (Pl. Opp. at 2).

As an initial matter, the Court clearly directed Plaintiff "to make herself available to testify at another deposition on or before May 15, 2026." (Docket No. 192 at 8). It was not

optional.  The Court found that Plaintiff's invocation of the Fifth Amendment to refuse to answer

questions at her deposition relating to her allegations against the Port Authority was improper, as

"as she waived the privilege to answer questions relating to her allegations against Sedgwick and

the Port Authority by voluntarily testifying, and including information in her court submissions,

about the same." (*Id.* at 5).  The Court further held that Plaintiff's refusal to answer questions

regarding her background, employment status, or whether she receives social security benefits,

was also improper as Defendants' questions on those topics were relevant to Plaintiff's

discrimination and harassment claims. (*Id*. at 5-6).  Thus, Plaintiff was directed to appear at

another deposition on or before May 15, 2026. (*Id*. at 8).  The Court further cautioned Plaintiff

that if she refused to answer Defendants' questions at the follow-up deposition, she would be

precluded from "offering favorable testimony (written or oral) as to any of the questions she

refused to answer at depositions." (*Id.*); *see also Azzarmi v. 55 Fulton Mkt.*, 20-CV-6835

(GBD)(BCM), 2022 WL 17156709, at *3 (S.D.N.Y. Nov. 22, 2022).[3]

Plaintiff was sufficiently warned about the consequences of her continued refusal to

answer Defendants' questions.  Moreover, this is not the first time Plaintiff has been warned of

such consequences, as the Honorable Barbara Moses sanctioned Plaintiff for similar conduct in

2022. *See Azzarmi*, 2022 WL 17156709, at *3.  Given Plaintiff's blatant refusal to appear at

another deposition, and the fact that she was aware of the sanctions that may be imposed,

sanctions are appropriate here.  Therefore, Plaintiff is precluded from offering favorable

testimony (written or oral) regarding the subject matter of the deposition questions she refused to

answer at her deposition.  (*See* Docket No. 192 at 8).  Moreover, if this matter goes to trial,

---

[3] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then she may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the *pro se* litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

Defendants "may seek an appropriate instruction informing the jury that it may (though it is not required to) 'infer from such a refusal that the answer would have been adverse to the witness' interest[.]'" (*Id.* at 7); *see also Azzarmi*, 2022 WL 17156709, at \*2 (quoting *Mirlis v. Greer*, 952 F.3d 36, 42-45 (2d Cir. 2020)).

The Court denies Defendants' requests for dismissal and to be awarded fees. *See Azzarmi*, 2022 WL 17156709, at \*2 ("The Court's inherent powers 'must be exercised with restraint and discretion'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "In evaluating the appropriateness of particular sanctions, a court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." *Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-CV-6653 (GBD)(JLC), 2015 WL 2250592, at \*8 (S.D.N.Y. May 13, 2015) (internal quotations and citation omitted). Since the Court is only evaluating the narrow issue of whether sanctions should be imposed for Plaintiff's failure to appear at another deposition, the Court has tailored its sanctions award accordingly. However, Plaintiff's continued discovery abuses and repeated warnings about her behavior, (*see, e.g.*, Docket No. 147 at 22-23; Docket No. 192 at 7), may result in further sanctions, up to and including striking Plaintiff's submissions and dismissal of Plaintiff's claims in their entirety.

Accordingly, Defendants' Motion is granted in part and denied in part. Plaintiff is precluded from offering favorable testimony (written or oral) regarding the subject matter of the deposition questions she refused to answer at her deposition.

Dated:  June 9, 2026
      White Plains, New York

                      **SO ORDERED:**

                      *Judith C. McCarthy*

                      JUDITH C. McCARTHY
                      United States Magistrate Judge