UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

      Plaintiff,

  v.

SEDGWICK CLAIMS MANAGEMENT
SERVICE, *et al.*,

      Defendants.

No. 20-CV-9155 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

On May 15, 2026, in an Order rejecting Plaintiff's objections to certain discovery-related rulings, the Court ordered Plaintiff to show cause why sanctions should not issue for the abusive and insulting language Plaintiff directed against Defendants, defense counsel, and the Court in Plaintiff's filings. (*See* Op. & Order 8–9 (Dkt. No. 201).)

Plaintiff's response largely recommits to the rhetoric and *ad hominem* attacks of previous filings, describing Plaintiff as "unrepentant." (*See* Pl.'s Opp'n to Dkt. No. 201 ("Pl.'s Mem.") (Dkt. No. 205).) Plaintiff's more specific responses are without merit. First, Plaintiff's contention that any sanctions would be issued "sua sponte," (Pl.'s Mem. 6), is incorrect because the May 15 Order gave Plaintiff a chance to be heard, (*see* Op. & Order 9). Second, Plaintiff's contention that the Court provided insufficient notice of a particular legal basis for sanctions, (*see* Pl.'s Mem. 5), is meritless because the Court cited several cases articulating that basis in its Order, (*see* Op. & Order 8–9), and in its January 6, 2025 Order first warning Plaintiff about abusive language in filings, (*see* Op. & Order 22–23 (Dkt. No. 147)). Third, Plaintiff's arguments as to the First Amendment are unpersuasive, (*see, e.g.*, Pl.'s Mem. 4), because as the

Court explained, the First Amendment does not provide a defense for abusive or insulting filings, especially when Plaintiff has previously been warned, (*see* Op. & Order 9 n.2). *See Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014) (affirming a district court's "imposition of the sanction of dismissal with prejudice" of a plaintiff's case where plaintiff repeatedly engaged in "offensive, abusive, and insulting" language in filings similar to these, including with similarly antisemitic commentary, and had been previously warned by the court that sanctions may issue).

Because this case is at the summary judgment stage and in light of this case's considerable age, the Court concludes that full dismissal at this juncture—which the Court would be justified in granting given the Court's prior orders and the Second Circuit's unambiguous decision in *Koehl*, 740 F.3d at 863—would not be an effective use of judicial resources. *See Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 295 (S.D.N.Y. 2024) ("The fact that discovery may be completed, coupled with the strong preference for resolving disputes on the merits, compels the conclusion that the Court should not issue a terminating sanction such as dismissal." (citation and quotation marks omitted)).

Instead, the Court takes this opportunity—now that Plaintiff has been repeatedly and unambiguously warned by the Court, citing examples from Plaintiff's briefing to put Plaintiff on further notice, that insulting and abusive language directed to Defendants, defense counsel, or to the Court is plainly sanctionable—to "caution[] Plaintiff that **[Plaintiff] will be sanctioned without further warning** for any such future abusiveness in submissions to the Court, **including the striking of any submission containing such abusive language**." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 442 (N.D.N.Y. 2009) (citing examples of the plaintiff's rhetoric, which are not dissimilar to this case) (emphasis added); *see also Su v. Kwiat Eye & Laser Surgery*, No. 22-CV-264, 2023 WL 4847315, at *5 (N.D.N.Y. July 28, 2023) ("[I]f [a previously warned party]

persists in his behavior, including making insulting, abusive, or frivolous filings, the Court will implement sanctions to the extent necessary, and without further warning."); *Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012) ("[A] court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." (quotation marks omitted)).

Plaintiff is further warned that if Plaintiff's opposition materials to Defendants' soon-to-be-filed motion for summary judgment are stricken because they contain the sort of abusive, insulting, or personal language for which the Court has repeatedly admonished Plaintiff, that may result in the Court treating Defendants' summary judgment motion as unopposed. *See, e.g.*, *United States v. Brace*, 1 F.4th 137, 139 (3d Cir. 2021) (affirming district court's grant of summary judgment where district court struck the plaintiff's opposition and treated the defendants' motion for summary judgment as unopposed); *Vasudevan v. Admins. of Tulane Educ. Fund*, 706 F. App'x 147, 150 n.2 (5th Cir. 2017) (same). Plaintiff is accordingly advised to focus any filings in opposition to the coming motion on the merits of the case.

SO ORDERED.

Dated:   June 30, 2026
       White Plains, New York

KENNETH M. KARAS
United States District Judge